### J. E. ROCHE v. J. B. DALE, SR.

Decided May 23, 1906.

#### 1.—Chattel Mortgage—Name.

A chattel mortgage executed by Henry Bethan, but purporting, in the body of the instrument, to be by Henry Bethel, and so indexed, was properly admitted in evidence on proof that the mortgagor was as well known by the latter name as by the former.

#### 2.—Charge—Weight of Evidence.

A charge is not upon the weight of evidence which leaves the jury to determine the facts, but instructs them as to the legal conclusions to be drawn therefrom.

#### 3.—Verdict—Charge.

On the return of a verdict not in the proper form nor responsive to the charge, it was proper for the court to refuse to receive it and to give the jury instructions for its correction.

#### 4.—Charge—Proceeds of Cotton.

A charge with respect to defendant's liability to account for the proceeds of mortgaged "cotton" received by him authorized the jury to consider the liability for the seed as well as for the lint.

#### 5.—Conversion—Receiving Proceeds.

One who participates in the conversion of mortgaged property is liable, whether he received the proceeds or not, and is not entitled to a charge limiting his liability to proceeds received by him.

#### 6.—Landlord and Tenant—Furnishing Team.

A landlord who merely takes up and holds the debt and security given to another by his tenant for a mule purchased by the latter, can not be held to have thereby furnished the mule to him and to have acquired a landlord's lien therefor.

**7.—Landlord and Tenant—Mortgaged Property—Conversion.**

A landlord who converts mortgaged crops of his tenant is not relieved from liability to the mortgagee by applying the proceeds to the payment of a debt owing by the tenant to him and secured by a mortgage on other property of the tenant, but not by lien on the crop so converted.

**8.—Harmless Error.**

An appellant can not complain of statements made by the court during the trial, as to the state of the proof as affecting the subsequent order of proceeding, which, if warranted, could have prejudiced only the appellee.

Appeal from the County Court of Fannin County. Tried below before Hon. Tom C. Bradley.

The mortgage admitted in evidence was signed Henry Bethan, but, in the body of the instrument, purported to be the act of Henry Bethel, and was so indexed by the clerk in registering it. There was evidence that the mortgagor was as well known by the name Bethel as Bethan.

The charge complained of in the third assignment held Roche liable for the value of any cotton the jury might find plaintiff entitled to recover of J. R. & R. and which was sold to them by defendant Roche; but there was no recovery against J. R. & R.

*Thurmond & Steger,* for appellant.—The court erred in admitting in evidence the chattel mortgage objected to from Henry Bethan to J. B. Dale, Sr. Johnson v. Wilson, 137 Ala., 468; Mackey v. Cole, 79 Wis., 426; Rev. Stats., arts. 3327, 3328, 3331, 3334.

The court erred in giving in charge to the jury special charge No. 3 requested by defendants Jones, Rogers and Rogers. This charge was on the weight of the evidence in that it assumes that Roche made the sales of cotton mentioned, and said charge is not framed hypothetically. Gulf, C. & S. F. Ry. Co. v. Finley, 11 Texas Civ. App., 71; Abeel v. McDonald, 12 Texas Ct. Rep., 980.

When the jury returns a verdict which is complete in itself, it is the duty of the court to receive the verdict. The court is not authorized by law to give additional instructions to the jury after he has charged them, unless requested in writing by them. After the jury has returned a verdict it is error for the court to give them additional instructions unrequested, and instruct them over the objections of one of the parties to retire and bring in a second verdict and thereby cause them to render an entirely different verdict, and render judgment on such verdict. Rev. Stats., arts. 1317-1321; Bailey v. Hartman, 12 Texas Ct. Rep., 400; Parker v. Stroud, 12 Texas Ct. Rep., 978.

It is error for the court to render judgment for an item of damage not claimed in the pleadings of the party in whose favor the judgment for such item is rendered, and which said item is not embraced in the elements of damage submitted by the court to the jury. Denison v. League, 16 Texas, 399; Mims v. Mitchell, 1 Texas, 443; Hall v. Jackson, 3 Texas, 305; Martin-Brown Co. v. Pool, 40 S. W. Rep., 820; Texas & P. Ry. Co. v. Frank, 13 Texas Ct. Rep., 236; Worsham v. Vigual, 5 Texas Civ. App., 472.

Where a person is charged with receiving and converting property which is denied by him it is the duty of the court to instruct the jury

that he is not liable for such part of the property as he did not receive. Estes v. McKinney, 43 S. W. Rep., 556; Newman v. Ward, 46 S. W. Rep., 868.

Where a landlord advances money to a tenant to enable him to make a crop on a certain piece of land for a certain year, he has a landlord's lien on the crops so made to secure the payment of such advancement. Rev. Stats. (1903), art. 3235; Newberger v. Heintze, 3 Texas Civ. App., 260; Potter v. Wheat, 53 Texas, 406.

Where a tenant owes a landlord a debt secured by mortgage on property of his other than the crop raised on the landlord's premises and where the tenant has mortgaged the crop to another party and sells all or part of the mortgaged property and pays with the proceeds of the property sold, the landlord so paid is not liable to such third party for the proceeds of the mortgaged property which the landlord has received. Estes v. McKinney, 43 S. W. Rep., 556; Newman v. Ward, 46 S. W. Rep., 868.

After plaintiff had introduced his mortgage on Bethan's crop, and the registration thereof, and had proved by Bethan that he had sold a large part thereof to appellees Jones, Rogers & Rogers after such registration, it was error for the court to state in the hearing and presence' of the jury that "There is nothing in the case so far against Jones, Rogers & Rogers for them to introduce evidence." Rev. Stats., art. 1317; Smith v. Dunman, 9 Texas Civ. App., 321; Greif & Bros. v. Seligman, 11 Texas Ct. Rep., 126; Moore v. State, 33 Texas Crim. Rep., 311; Hynes v. Winston, 40 S. W. Rep., 1025; Sargent v. Laurence, 16 Texas Civ. App., 544; Howorth v. Carter, 23 Texas Civ. App., 469.

*R. B. Young* and *J. G. McGrady,* for appellee.

EIDSON, Associate Justice.—This is a suit by appellee, Dale, against Henry Bethan, appellant Roche and Jones, Rogers & Rogers for debt, claimed to be due by Bethan to Dale and alleged to be secured by a chattel mortgage on the crop of cotton raised by said Bethan on Roche's land for the year 1904, a part of which cotton plaintiff alleged had been converted by defendants, and praying for judgment against Bethan for the debt and a foreclosure of said mortgage against the other defendants for the cotton alleged to have been converted by them respectively. Appellant, Roche, answered in the court below, alleging that Bethan owed him for advances to enable him to make the crop, denying a conversion of any part of said cotton and claiming that he had applied all of the proceeds of the cotton received by him to the payment of his claims secured by his landlord's lien. Bethan answered that he had paid Roche all he owed him for advances, and prayed for a judgment over against Roche for value of the cotton which he alleged Roche had converted. Jones, Rogers & Rogers answered denying that they had bought any of the cotton, but if they had bought any they bought it from Roche and prayed for judgment over against Roche for any amount plaintiff might recover against them.

On trial before the court and jury a verdict and judgment was rendered for plaintiff against Bethan for plaintiff's debt against him, with

foreclosure of mortgage, and against Bethan and Roche for $140.61, and that plaintiff take nothing as against Jones, Rogers & Rogers, and judgment was also rendered for Roche against Bethan for $63.70 and foreclosing a mortgage on a certain mule for $41.60. Roche alone has perfected an appeal to this court.

The court below did not err in admitting the mortgage in evidence over the objection of appellant, as shown in his first assignment of error, in view of the fact that it was shown by the evidence that Henry Bethan, the party who executed the mortgage, was as well known by the name of Henry Bethel as by the name of Henry Bethan.

The charge of the court complained of in appellant's third assignment of error is not subject to the objection that it is on the weight of the evidence, as it leaves the jury to determine whether or not the state of facts embraced in the charge existed, before they could find as therein directed. And besides, the jury did not find against appellant under this charge.

There was no error in the action of the court below complained of in appellant's fourth to eighth assignments of error, both inclusive. The verdict returned being informal and not responsive to the charge, it was proper for the court to decline to receive it and to call the attention of the jury to such defects and direct them to correct the same. (Sayles Rev. Stat., arts. 1326, 1327; Oriental Inv. Co. v. Barclay, 64 S. W. Rep., 90.)

Appellant's ninth assignment of error is not well taken. Bethan's pleadings alleged that Roche had disposed of certain cotton in the seed belonging to him and certain bales of cotton and the seed out of same, which he had turned over to Roche to sell, and that he, Roche, had never accounted to him, Bethan, for any of the proceeds thereof. The charge of the court instructing the jury that if they believed from the evidence that defendant Roche received defendant Bethan's half of any of the proceeds of cotton sold from the Bethan crop and had not accounted to Bethan therefor, they should find a verdict in favor of defendant Bethan against defendant Roche for same, was authorized by said pleadings, and the language, "received defendant Bethan's half of any of the proceeds of the cotton sold from the Bethan crop," included the seed of the cotton as well as cotton in bales or lint cotton, and the finding of the jury complained of in this assignment was therefore fully authorized.

There was no error in the action of the court below in refusing to give to the jury the appellant's special charge No. 2, as the subject to which it relates was fully covered by the third paragraph of the general charge of the court; and, besides, the uncontroverted testimony shows that whatever of the mortgaged property was converted to other than its proper purpose, appellant participated in such conversion, and therefore there was no evidence authorizing this special charge.

Appellant's eleventh and sixteenth assignments of error are overruled. The testimony fails to show that appellant furnished the mule to the renter, but after the renter had purchased same on a credit and given his note with a mortgage on the mule to secure the payment thereof, and after the note fell due, appellant paid the note off and had it transferred to him and thereby became the owner thereof with the mortgage to

secure it. This transaction simply constituted a payment of the note to the owner thereof and a procurement of the security held by the original owner of said note, which was the mortgage on the mule, but did not make appellant the owner of the mule so that he could furnish it to the renter.

There was no error in the refusal of the court below to give to the jury appellant's special charges Nos. 6 and 8 as there was no evidence authorizing them. The uncontroverted evidence shows that none of the mortgaged property was sold without the permission of and practical participation in such sale by appellant. He testified that he considered Bethan's cotton practically his own; that he controlled it and that he considered he had a right to hold it and would not permit any of it to be sold without his consent. This being true, appellant would be liable for the conversion of the mortgaged property, although he applied the proceeds to a debt owing him by the mortgagor. The jury having found in favor of appellant for a foreclosure of the mortgage on the mule without stating specifically the amount of the debt secured by the mortgage and the uncontroverted evidence showing such debt to be $41.60, the court did not err in rendering judgment that the mortgage be foreclosed for that amount.

The statement of the trial judge complained of in appellant's eighteenth assignment of error could not affect appellant prejudicially. If anyone could justly complain of said statement, it would be appellee.

The jury found nothing against appellant for any sales made to Jones, Rogers & Rogers. For reasons already stated, appellant's twenty-third assignment of error is overruled.

There was sufficient testimony to justify the jury in finding the item complained of in appellant's twenty-fourth assignment of error. The findings of the court complained of in appellant's twenty-fifth assignment of error was not prejudicial to appellant, as under the law he had no lien upon the mule except that afforded by the mortgage. Appellant's other assignments of error relate to the sufficiency of the testimony to sustain the verdict and judgment. Without discussing it in detail, we are of opinion that the testimony shown by the record is amply sufficient to sustain the verdict and judgment. The judgment of the court below is affirmed.

*Affirmed.*