FARMERS' & MECHANICS' NAT. BANK OF FT. WORTH v. FIRST STATE BANK OF BANGS et al.

(Court of Civil Appeals of Texas. Austin. Dec. 4, 1912.)

1. APPEAL AND ERROR (§ 80*)—RIGHT OF APPEAL—"FINAL JUDGMENT."

A judgment which found as to a cross-action by certain defendants that they should recover against another defendant a certain amount less a payment, the amount of which it failed to determine, was not a final judgment from which an appeal would lie, though it disposed of all the other issues.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 433, 450, 456, 457, 494–509; Dec. Dig. § 80.*

For other definitions, see Words and Phrases, vol. 3, pp. 2774–2798; vol. 8, p. 7663.]

2. APPEAL AND ERROR (§ 1203*)—DISMISSAL OF APPEAL—PROCEDURE BELOW.

Where the trial court's judgment is not a final judgment as to all the parties, and an appeal therefrom is dismissed, the trial court should treat the case as though it had never been tried, and allow it to be reinstated after notice.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4666, 4684–4691, 4693; Dec. Dig. § 1203.*]

Appeal from District Court, Freestone County; H. B. Daviss, Judge.

---

Action by the First State Bank of Teague against B. A. Munger, the Farmers' & Mechanics' National Bank of Ft. Worth, the First State Bank of Bangs, and others. From the judgment, the defendant the Farmers' & Mechanics' National Bank of Ft. Worth appeals. Appeal dismissed.

D. T. Garth, of Teague, for appellant.

KEY, C. J. The First State Bank of Teague commenced this suit against B. A. Munger, J. E. Parker, and B. B. Marshall, composing the firm of Munger, Parker & Marshall, seeking to recover judgment for $844.91. Thereafter the plaintiff filed an amended petition, and, in addition to the defendants referred to, made the First State Bank of Bangs, the Farmers' & Mechanics' National Bank of Ft. Worth, and Mrs. B. A. Munger parties defendant. B. A. Munger and his wife filed an answer, in which, among other things, they sought to recover upon a cross-action pleaded by them against the First State Bank of Bangs upon a claim for $700 and interest. The First State Bank of Bangs pleaded payment of the claim asserted against it by the Mungers, and pleaded over against the Farmers' & Mechanics' National Bank of Ft. Worth, Tex., and in the alternative against the plaintiff First State Bank of Teague, and asked judgment for $700, with interest. The plaintiffs filed a supplemental petition, contesting the claims asserted by B. A. Munger and wife, and by the First State Bank of Bangs. The defendants Marshall and Parker filed no answer, and made no appearance, nor did the Farmers' & Mechanics' National Bank of Ft. Worth file an answer or enter an appearance.

[1] The judgment of the trial court disposed of all the issues presented by the pleadings as to all of the parties except as to the alleged right of B. A. Munger and his wife to recover against the First State Bank of Bangs. In that respect the judgment reads as follows: "The court finds that the defendants B. A. Munger and Mrs. B. A. Munger should and ought to have and recover of and from the defendant the First State Bank of Bangs, Tex., and it is hereby ordered, adjudged, and decreed that B. A. Munger and wife Mrs. B. A. Munger do recover of and from said First State Bank of Bangs, Tex., the sum of $700, together with interest thereon from April 1, 1911, at the rate of 6 per cent. and all costs of this suit, less whatever amount of money that has heretofore been paid by said First State Bank of Bangs to said defendants Munger and wife, for which let execution issue."

What has just been quoted is followed by a judgment in favor of the First State Bank of Bangs against the Farmers' & Mechanics' National Bank of Ft. Worth for the sum of $700, with interest thereon at the rate of 6 per cent. per annum from April 1, 1911,

and all costs. There was a preliminary judgment by default against all of the defendants who had not answered, including the Farmers' & Mechanics' National Bank, and reciting that each had been duly and legally cited to appear and answer, but the transcript contains no copy of the citation served upon the Farmers' & Mechanics' National Bank, and the latter has appealed, and asks to have the judgment against it and in favor of the First State Bank of Bangs reversed, for the reasons, first, because the transcript does not contain the citation shown to have been served upon it, requiring it to answer to the claim asserted against it by the First State Bank of Bangs; and, second, because the testimony contained in the statement of facts fails to show that the First State Bank of Bangs was entitled to recover anything from the appellant. Both of these points seem to be well taken; but, as no right of appeal exists until after a final judgment has been rendered, we have reached the conclusion that this court has no jurisdiction to decide the questions referred to. We feel compelled to hold that the judgment from which this appeal is prosecuted is not a final judgment, because it does not adjudicate and determine the amount of the recovery attempted to be awarded to B. A. Munger and wife against the First State Bank of Bangs. It does not award to the Mungers any definite sum, nor does it furnish the data by which a definite sum can be ascertained. It mentions the sum of $700, with 6 per cent. interest from April 1, 1911, which would have been sufficiently definite, if it had not been qualified by the language immediately following, which declares that there shall be deducted from that sum "whatever amount of money that has heretofore been paid by said First State Bank of Bangs to said defendants Munger and wife." Before the clerk could issue an execution to enforce that judgment, it would be necessary for him to try and determine the branch of the case which the judgment leaves undisposed of, and ascertain, as best he could, the amount of money that the First State Bank of Bangs had paid to Munger and wife. It is a well-settled rule of law that, in order for a judgment to be final, it must dispose of all the issues, as well as all the parties; and it is not necessary to cite authorities in support of the proposition that this judgment does not dispose of the issues involved between Munger and wife and the First State Bank of Bangs. In that respect it is as indefinite as it would have been if it had merely adjudged that Munger and wife recover from the First State Bank of Bangs all they were entitled to. In support of the disposition we make of this case, the following authorities are cited: Martin v. Crow, 28 Tex. 614; Simpson v. Bennett, 42 Tex. 241; Linn v. Arambould, 55 Tex. 611; Mignon v. Brinson, 74 Tex.

18, 11 S. W. 903; Mills v. Paul, 1 Tex. Civ. App. 419, 23 S. W. 189; Davis v. Martin, 15 Tex. Civ. App. 62, 53 S. W. 599.

[2] As the statute denies to the trial court the power to render but one final judgment, and as no such judgment has been rendered, we think that court should pursue the course suggested in Linn v. Arambould and Mills v. Paul, supra, and treat the case as though it had never been tried.

As this court has no jurisdiction of the appeal, the same is hereby dismissed.

Appeal dismissed.