BROWNE et al. v. INTERNATIONAL & G. N. RY. CO.

(Court of Civil Appeals of Texas. Austin. May 28, 1913. Rehearing Denied July 5, 1913.)

APPEAL AND ERROR (§ 80*)—JUDGMENT APPEALABLE—FINAL JUDGMENT.

Where a receiver for a railroad company originally filed a suit, though the railroad company afterwards filed an amended petition, alleging that it had acquired the claim sued on by assignment from the receiver, and there was no order permitting the holder to be substituted as plaintiff, a judgment which did not dispose of the receiver's interest in the claim was not final, so as to be appealable; nor was it final and appealable, where it did not dispose of either of two defendants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 433–450, 456, 457, 494–509; Dec. Dig. § 80.*]

Appeal from District Court, Comal County; Frank S. Roberts, Judge.

Action by the International & Great Northern Railway Company against E. P. Browne and others. From a judgment for plaintiff, defendants appeal. Appeal dismissed.

Mangum & Townsend, of San Antonio, for appellants. Fisher & Fisher, of Austin, for appellee.

RICE, J. This suit was originally brought by Thos. J. Freeman, as receiver of the International & Great Northern Railroad Company, on the 9th of August, 1911, against Jacob, Ferdinand, and Gregor Friesenhahn, composing the firm of Friesenhahn Bros., John Burrage, as a member of the Collin County Grain Company, a partnership, and C. V. and E. P. Browne, as members of the Browne Grain Company, a partnership, to recover the value of two certain cars of corn, alleged to have been fraudulently converted by defendants, which cars were shipped by Davis & Scharff, of Jenerette, La., on the 4th of October, 1910, to E. B. Bayard, at Corbyn, Tex., which was duly covered by bills of lading; that no one was rightfully entitled to the possession thereof, except the original consignee or consignor, or some person holding legal title thereto under them; that said Collin County Grain Company, or some member of said firm, without lawful authority, and for the purpose of gaining possession of said cars, issued certain orders, addressed to said receiver, to the effect that they were the lawful owners of said corn, and which orders were indorsed by the Browne Grain Company and directed to the agent of said receiver at New Braunfels, Tex., directing him to deliver to the holder thereof each of said cars, and said corn was thereafter sold by said Collin County Grain Company or Browne Grain Company to their codefendants Friesenhahn Bros., to whom the same was delivered by said receiver, with the knowledge on their part that their said vendor had no legal right or title thereto; that said plaintiff, believing that said persons were the lawful owners of said corn, delivered the same upon demand to the said Friesenhahn Bros., who were not lawfully entitled thereto; that by reason thereof plaintiff was compelled to pay, and did pay, to the consignors of said corn, the value thereof, wherefore he is entitled to recover from said defendants the amount so paid out.

Defendants, having been duly cited, answered to the merits at the September term, 1911. Thereafter, in vacation, on the 19th of

August, 1912, the International & Great Northern Railway Company filed what is denominated a "first amended original petition," complaining of the same parties, setting up, in addition to the identical cause of action set out in the original petition, the conversion by said defendants of another car of corn shipped by W. L. Harris, of Inola, Okl., on the 15th October, 1910, to his order at Corbyn, Tex., covered by bill of lading, 'the possession of which was thereafter secured from said receiver by Friesenhahn Bros. by means of a similar fraudulent order, issued by their codefendants, addressed to said receiver, the value of which corn said receiver was likewise compelled to pay. It was further alleged therein that said International & Great Northern Railway Company, by virtue of certain deeds and assignments, became the legal owner and holder of the properties, franchises, and assets of the International & Great Northern Railway Company, and of all causes of action or claims which accrued to it and to the receiver of said company, and particularly those which accrued to said receiver against the above-named defendants in this case, praying for process and judgment against said defendants for its debt, interest, and costs of suit, etc.

Citation was duly issued and service had upon all said defendants, including the Collin County Grain Company and the Browne Grain Company, in time for the succeeding September term of said court, and at said term. judgment was rendered in favor of said International & Great Northern Railway Company against John Burrage, C. V. Browne, and E. P. Browne jointly and severally, who, though duly cited, failed to appear therein and answer, either in person or by attorney; said judgment against them being for the sum of $1,224.72, with interest and costs, and in favor of Friesenhahn Bros. No disposition, however, was made therein of the other parties to said suit, to wit, Thomas J. Freeman, receiver of said railroad company, or of either the Collin County Grain Company or the Browne Grain Company. In this connection, however, it may be observed that there is a recital in said judgment to the effect that the International & Great Northern Railway Company, upon proper suggestion, had theretofore been made a party plaintiff therein. This recital did not dispose of the original plaintiff, Thomas J. Freeman, receiver; nor was it equivalent to saying that the railway company had been substituted as plaintiff in his stead. Within due time motion for new trial was filed by Burrage and the Brownes, joined by the Browne Grain Company and the Collin County Grain Company, challenging the correctness of said judgment for various reasons, amongst others that it was not a final judgment, in that it did not dispose of all the parties to said suit, nor the issues therein,

setting up an excuse for their failure to defend the suit, and stating that they had a meritorious defense thereto. This motion being overruled, they prosecute their appeal therefrom.

Though many errors have been assigned, some of which present interesting questions of practice, it will only be necessary, in our judgment, to discuss that assignment urging that said judgment was not final, since this involves the jurisdiction of this court to entertain this appeal. Appeals to this court can only be taken from final judgments. R. S. 1911, art. 2078. It is unquestionably true that a judgment which fails to dispose of all the issues and parties to a suit is not final. See opinion of Mr. Chief Justice Key in McCarty v. Gray, 158 S. W. 1154, this day decided by this court, and authorities therein cited, as well as the recent cases of Farmers' & Mechanics' Nat. Bank of Ft. Worth v. First State Bank of Bangs, 152 S. W. 499, and Hamilton v. Cage, 151 S. W. 894. Thomas J. Freeman, as receiver, filed this suit; and notwithstanding the fact that the International & Great Northern Railway Company filed an amendment, alleging that it had become the legal owner and holder of this claim by assignment from said receiver, nevertheless it became necessary to dispose of him as such receiver and his interest therein, and without doing so no final judgment could be rendered. There was no order entered allowing or permitting said railway company to be substituted as plaintiff in lieu of Thos. J. Freeman, receiver. Again, the Browne Grain Company and the Collin County Grain Company were likewise parties defendant. The record fails to show any disposition made as to them, or either of them, without which the judgment rendered is not final.

For the reasons stated, it becomes our duty to dismiss this appeal; and it is so ordered.

Appeal dismissed.