### McCARTY v. GRAY et al.

(Court of Civil Appeals of Texas. Austin. May 28, 1913.)

APPEAL AND ERROR (§ 80*)—JUDGMENTS APPEALABLE—PARTIES—DISPOSITION.

Where a judgment did not dispose of the action as to all of the defendants and the entire subject-matter of the litigation, it was not final or appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 433, 450, 456, 457, 494–509; Dec. Dig. § 80.*]

Appeal from San Saba County Court; J. T. Hartley, Judge.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Action by R. B. McCarty against D. F. Gray and others. Judgment for defendant Treadway, and plaintiff appeals. Dismissed.

G. A. Walters, of San Saba, for appellant. Walker & Burleson, of San Saba, for appellees.

KEY, C. J. R. B. McCarty brought this suit against D. F. Gray and Barney Treadway. The plaintiff alleged in his petition that the defendant Gray executed and delivered to him certain promissory notes, secured by a chattel mortgage executed by Gray upon two mules. It was also alleged in his petition that the defendant Treadway was in possession of the mules, asserting some sort of title thereto. The defendant Treadway filed an answer, which included a general denial and a special plea alleging that he had bought the mules from his codefendant, Gray, and that before he purchased them the plaintiff agreed to release them from his mortgage. The defendant Gray filed no answer.

There was a trial, which resulted in a verdict and judgment in favor of the defendant Treadway as to the controversy between him and the plaintiff; but the judgment does not even remotely refer to the defendant Gray, and makes no disposition of the case as between the plaintiff and him. The statute fixing the jurisdiction of this court authorizes appeals from final judgments only, and it is well settled that, when a judgment does not dispose of all the parties and the entire subject-matter of the litigation, it is not a final judgment, and that when such is the condition of the record the appeal should be dismissed. Martin v. Crow, 28 Tex. 614; Simpson v. Bennett, 42 Tex. 241; Linn v. Arambould, 55 Tex. 611; Mignon v. Brinson, 74 Tex. 18, 11 S. W. 903; Mills v. Paul, 1 Tex. Civ. App. 419, 23 S. W. 189; Davis v. Martin, 15 Tex. Civ. App. 62, 53 S. W. 599. Hence we hold that this court has no jurisdiction of this appeal, and that the same must be dismissed. If the parties or the court below are in any doubt as to the status of the case, and what should be done with it, they are referred to the opinion of the Supreme Court in Linn v. Arambould, supra.

Appeal dismissed.