## WACO CEMENT STONE WORKS v. SMITH.

(Court of Civil Appeals of Texas. Austin. Dec. 17, 1913. Rehearing Denied Jan. 28, 1914.) ,

**1. TRIAL (§ 329*)—VERDICT—RESPONSIVENESS TO ISSUES. ·**

The verdict must be responsive to the issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 774–776, 782; Dec. Dig. § 329.*]

**2. TRIAL (§ 329*)—HARMLESS ERROR.**

Failure to find a material issue is ground for reversal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 774–776, 782; Dec. Dig. § 329.*]

**3. TRIAL (§ 339*)—INSUFFICIENT VERDICT — PROCEDURE.**

Where the verdict, in an action for the balance due on a contract, was not responsive, in that it did not dispose of plaintiff's cause of action, but only found for defendant on his counterclaim, the court should, under the direct provisions of Sayles' Ann. Civ. St. 1897, art. 1327, send the jury back to correct it, or, not having done so, the verdict should be set aside on motion for new trial.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 791–794; Dec. Dig. § 339.*]

**4. JUDGMENT (§ 256*)—CONFORMITY TO VERDICT.**

The judgment should conform to the pleadings and case proved, and to the verdict, so that, where the jury merely found for defendant on his counterclaim, without disposing of plaintiff's cause of action, it was error for the judgment to recite that plaintiff takes nothing.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. § 256.*]

**5. TRIAL (§ 343*)—VERDICT.**

The court cannot look to the evidence to aid the verdict.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 809–812; Dec. Dig. § 343.*]

**6. TRIAL (§ 331*)—VERDICT—CONSTRUCTION — CERTAINTY.**

In an action for a balance due on a contract to furnish stone, and for extra materials furnished, aggregating $792, in which defendant admitted owing plaintiff $546, but counterclaimed for damages for $2,250, a verdict for defendant of $1,000, without any finding as to plaintiff, was uncertain and indefinite, since it could not be determined whether that sum represented the difference between what plaintiff was entitled to recover and the damages suffered by defendant or defendant's maximum damages.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 783; Dec. Dig. § 331.*]

**7. CONTRACTS (§ 324*)—BREACH—REMEDY.**

An owner damaged by breach of a contract to construct a building may either recover such damages in an independent action, or as a set-off or counterclaim in an action by the contractor.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1549–1557; Dec. Dig. § 324.*]

**8. DAMAGES (§ 123*)—MEASURE—BREACH OF CONTRACT.**

The measure of damages for breach of a contract to construct a building by furnishing inferior material is usually the difference between the value of the work done and that contracted for; but recovery may be allowed only for the difference between the cost of replacing the inferior work and material with work and material conforming to the contract, if that could be done without injury to the building.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 320–325; Dec. Dig. § 123.*]

Error to District Court, McLennan County; Tom L. McCullough, Judge.

Action by the Waco Cement Stone Works against N. K. Smith, in which defendant filed a counterclaim. Judgment for defendant on his counterclaim, and plaintiff brings error. Reversed and remanded.

Sleeper, Boynton & Kendall, of Waco, for plaintiff in error. Scott & Ross, of Waco, for defendant in error.

RICE, J. Plaintiff in error sued defendant in error for a balance of $150, alleged to be due it on a contract to furnish certain cement stone, to be used in finishing his residence and garage in Waco, in accordance with the plans and specifications of M. W. Scott, as well as for extra material furnished to him, and used thereon, but not specified in said contract, amounting to $642.15, aggregating the sum of $792.15.

Defendant, after admitting that he owed plaintiff on the contract and for extras a balance of $546.15, resisted payment thereof, on the ground that said stone was not in accordance with the contract, but was inferior in quality, grade, and finish, whereby he was damaged to the extent of $2,000; and likewise pleaded that certain of said material was not of the size and dimensions required, for which reason, he was compelled to do extra work and labor thereon to conform same to proper requirements, to his injury in the further sum of $250, both of which amounts, less his admitted indebtedness, he pleaded in set-off and as a counterclaim.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

A jury trial resulted in a verdict for defendant in the sum of $1,000 damages, upon which judgment was entered, to the effect that plaintiff take nothing, and that defendant recover of plaintiff said amount. There was no disposition, however, by the verdict of plaintiff's cause of action, and it was urged in the motion for new trial that the verdict was not responsive to the issues, and failed to dispose thereof. It is also insisted that the court failed to give in charge the correct measure of damages, and these form the basis of the first and second assignments of error.

[1-5] The court, in its charge, did not submit any issue under which the jury could have found in favor of defendant against plaintiff for any sum whatever, but were merely directed to set off such damages as they might find defendant sustained by reason of inferior stone having been furnished to him by plaintiff against such sum as they might find for plaintiff under the first section of the charge. The verdict must be responsive to the issues. Marsalis v. Patton, 83 Tex. 521, 18 S. W. 1070; Michon v. Ayalla, 84 Tex. 685, 19 S. W. 878; Railway Co. v. Mackney, 83 Tex. 410, 18 S. W. 949. Failure to find a material issue is ground for reversal. Bledsoe v. Wills, 22 Tex. 651; May v. Taylor, 22 Tex. 349; Dodd v. Gaines, 82 Tex. 429, 18 S. W. 618; Moore v. Moore, 67 Tex. 294, 3 S. W. 284. The verdict in this case being defective, the court should have declined to receive it, and sent the jury back, calling their attention thereto, directing them to correct it. Article 1327, Sayles' Rev. Civ. Stat.; Roche v. Dale, 43 Tex. Civ. App. 287, 95 S. W. 1101. And, having failed to do this, it should have set the verdict aside on motion for new trial when asked so to do. The necessity for making the judgment conform to the pleadings seems to have occurred to the court, because the judgment recites that the plaintiff take nothing, as though the jury had found against it on the issue raised by its pleadings, when in fact the jury had not done so. This cannot be legally done, because there was in fact no verdict to sustain such recital. The judgment must not only conform to the pleadings (Hall v. Jackson, 3 Tex. 305; Pinchain v. Collard, 13 Tex. 333) but likewise to the nature of the case proved (Darden v. Matthews, 22 Tex. 321), and also to the verdict itself (Claiborne v. Tanner, 18 Tex. 68; Jackson v. State, 21 Tex. 668; Bledsoe v. Wills, supra; McConkey v. Henderson, 24 Tex. 212; Longcope v. Bruce, 44 Tex. 434; Handel v. Elliott, 60 Tex. 145). In Carter v. Bolin, 30 S. W. 1084, a judgment not conforming to the verdict was reversed on appeal. See, also, Rich v. Western Union Telegraph Co., 110 S. W. 93; City of Ft. Worth v. Williams, 55 Tex. Civ.

App. 289, 119 S. W. 137. The court cannot look to the evidence to aid or supplement the verdict. Claiborne v. Tanner, supra. These rules apply with peculiar force where the defendant, as in the present case, pleads and insists upon a counterclaim. See Hedrick v. Smith, 146 S. W. 305; Bank v. Harris et al., 138 S. W. 1162; Sapp v. Anderson, 135 S. W. 1068, where the authorities on this subject are reviewed, and cases distinguished.

[6] The verdict of the jury is indefinite and uncertain, because from it we are unable to determine whether they meant merely to find $1,000 in favor of defendant as the maximum damages, or intended to find that such amount represented the difference between what they thought plaintiff was entitled to recover and the amount of damages actually suffered by defendant. It is probable, if we are allowed to indulge in speculation, that they found that defendant was only entitled to the sum of $1,000, as damages, and that the court would be authorized to deduct from this amount the amount that he admitted that he was due plaintiff under said contract and for extra work, which, however, the court was not authorized to do. But, be this as it may, the fact is the verdict is indefinite and uncertain, and does not pass upon the issues submitted in the charge, and should not, for this reason, be allowed to stand.

[7, 8] We think, however, that the proper measure of damages was given. The rule seems to be that an owner who has sustained injury by reason of the breach of a contract by the builder may recover, either in an independent action, or as a set-off or counterclaim in an action by the builder for damages which are the proximate result of the breach. The amount of such damages is usually the difference between the value of the work done or building constructed and that contracted for. See 6 Cyc. p. 113, subd. 2, note 71, and authorities there cited. This rule may be qualified, we think, so as to allow a recovery only for the difference between what it would actually cost to replace the inferior work and material with work and material conforming to contract, where this could be done without injury to the building. But no such qualification was requested by plaintiff in error, nor are we prepared to say that such limitation would be proper in the present case, for the reason that it may be impossible to remove the stone, and put in such as called for by the contract, even if inferior stone had been furnished, as contended by defendant in error.

For the error indicated in failing to grant a new trial, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.