### BRYANT v. MOORE.  (No. 5295.)

(Court of Civil Appeals of Texas. Austin. May 13, 1914. On Motion for Rehearing, June 17, 1914.)

1. APPEAL AND ERROR (§ 80*)—DECISIONS APPEALABLE—FINAL JUDGMENT.

A judgment which fails to dispose of all the issues raised by the pleadings is not a final judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 433, 450, 456, 457, 494–509; Dec. Dig. § 80.*]

2. APPEAL AND ERROR (§ 742*)—WAIVER OF ERRORS—JURISDICTIONAL MATTERS.

Though the assignment raising the question that the judgment below was not final, and hence not appealable, because it did not dispose of all the issues raised, was not properly briefed, the question will be disposed of, being a jurisdictional one.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. APPEAL AND ERROR (§ 80*)—DECISIONS APPEALABLE—FINAL JUDGMENT—CONSTRUCTION OF VERDICT.

In an action for several years' rent and for money due for the sale of personal property, a judgment based on a directed verdict for a small amount, not in controversy, which did not dispose of the other issues, cannot be held a final judgment, on the theory that the verdict, being for only part of the amount in suit, was an implied finding against plaintiff's other claims.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 433, 450, 456, 457, 494–509; Dec. Dig. § 80.*]

Appeal from Falls County Court; W. E. Hunnicutt, Judge.

---

Action by W. G. Bryant against B. F. Moore, who counterclaimed. From the judgment, plaintiff appeals. Appeal dismissed.

Nat Llwellyn, of Marlin, for appellant. Spivey, Bartlett & Carter, of Marlin, for appellee.

RICE, J. The record discloses that appellant rented to appellee, for the year 1912, 112 acres of land, and as rent therefor was to receive one-third of the corn and one-fourth of the cotton raised on said premises; and this suit was brought by him to recover said rent, and also to recover the sum of $522.50, alleged to be due for a span of mules sold and furnished by him to appellee, to enable appellee to make a crop on said premises during said year, as well as for $34.45, alleged to be due as balance on rent for the year 1911. Appellant likewise sued out a distress warrant, which was levied upon the crop grown upon said premises; and prayed for judgment for his rents, advances, and for foreclosure of his landlord's lien upon the property so distrained. Appellee replied by general and special exceptions, a general denial, and reconvened for damages for illegally suing out said distress warrant. There was a jury trial, resulting in a verdict in behalf of plaintiff for said sum of $34.45, with interest thereon, and in favor of defendant upon his plea in reconvention in the sum of $750, and judgment was entered in accordance therewith.

[1] Notwithstanding that the record shows that the chief controversy was over appellant's right to recover for the value of the mules alleged to have been sold by him to appellee, and for foreclosure of his landlord's lien thereon, still the verdict and judgment failed to dispose of these issues, as well as failed to pass upon the question as to whether or not there was anything due appellant for rents for said year, for which reason appellant asserts that the judgment is not final. Ordinarily, appeals can only be taken from final judgments. See article 2078, Rev. Civ. St. 1911. And it has been frequently held by the courts of this state that a judgment is not final which fails to dispose of all the issues raised by the pleadings. See Waco Cement Works v. Smith, 162 S. W. 1158, and cases there cited; also, the case of Sapp v. Anderson, 135 S. W. 1068, where previous cases on this subject are cited and reviewed.

[2, 3] Appellee claims, however, that the assignment raising this question is not properly briefed, and hence should not be considered; but he overlooks the fact that the question raised is jurisdictional, and the error assigned is fundamental, for which reason it cannot be waived. Besides this, appellee asserts that, since there was a general verdict in behalf of appellant, the doctrine as to final judgment, above announced, does not apply. There was no general verdict, however, in his behalf, but only a verdict for one claim, to wit, $35.45, upon which the court

instructed a verdict in his behalf, ignoring the claim for rent for 1912, as well as that for value of the mules. See First Natl. Bank of Mason v. Vander Stucken, 37 S. W. 170, where a suit was brought to establish claims against an estate on two notes, executed by decedent. The jury, to whom both claims were submitted on issues made by the pleadings, found for the plaintiff as to the claim based on one of the notes only, and neither the verdict nor judgment mentioned the other. It was held that no appeal would lie from the action of the court on such unadjudicated claim, and the appeal was dismissed; which case, we think, is decisive of the question here involved.

Notwithstanding that we are without authority, in the state of the record, to pass on any of the assignments, still, in view of another trial in the court below, it is proper to say that it is doubtful whether the petition stated a cause of action that would authorize a recovery as to the rents of 1912, or for the mules claimed to have been furnished, in that it did not state or show the amount of rents due, nor state the facts showing the indebtedness of appellee for the mules and negativing payment therefor. Demurrers, though filed, were not urged to this pleading in the trial court, and hence must be regarded as waived; but, as there was no final judgment, it becomes our duty to dismiss the appeal, and it is so ordered.

Appeal dismissed.

### On Motion for Rehearing.

Counsel for appellee have filed an ingenious motion for rehearing, insisting that we erred in dismissing this appeal, contending that the judgment was final. We have reviewed all of the cases cited in support of their contention, and have arrived at the conclusion that they can be differentiated from the instant case. They seem to announce the rule that where a plaintiff institutes a suit for two or more different demands or causes of action which are submitted by the court in the charge to the jury, and a verdict is returned in his favor on one of them, this, by implication, is a finding against the other causes of action, and hence the verdict is final; but this is not the case here. Appellant sued to recover different amounts of rents for the years 1911 and 1912, and also sought to recover for the value of a span of mules, alleged to have been furnished by him to defendant for the purpose of making a crop for the last-named year, and sought a foreclosure of his landlord's lien for such rents and advances. There was no issue as to the rent for 1911, and the court directed a verdict in favor of the plaintiff thereon, so that this item was not in issue; but the pleadings and evidence raised an issue as to all the others, and they were specifically embraced in the charge of the court, which was submitted for the determination of the jury. But the jury did not

find as to either or any of said last-named items, hence there is no analogy in this respect to the cases cited by appellee. If there had been a finding in favor of the plaintiff on the rents for 1912, and no mention made in the verdict as to the other items, then the cases cited would be analogous, and it might be inferred that by such specific finding they found against* him as to the other items; but there is absolutely no finding as to any of these items in issue, hence no inference can be indulged one way or the other; and, in our judgment, this was equivalent to no finding whatever upon any question in issue before the jury, for which reason we feel justified in holding that the verdict was not responsive to the issues raised by the pleadings and evidence and embraced in the charge, and therefore adhere to our original view upon this question.

It seems that we were mistaken in stating that appellee's demurrers and exceptions were not presented to or passed upon by the court. This was occasioned by our overlooking an amended transcript, which contains a recital to the effect that they were in fact presented to and overruled by the court. We reiterate our intimation as to the insufficiency of the petition, but have no authority to do anything more than to make the suggestion, since the appeal must be dismissed.

The motion for rehearing is overruled.