**RAILROAD COMMISSION OF TEXAS et al.**
**v. TEXAS STEEL CO.**
**No. 7503.**

Court of Civil Appeals of Texas. Austin.

April 30, 1930.

Dewey Lawrence, Asst. Atty. Gen., for appellants.

G. W. Armstrong, of Fort Worth, and Jno. W. Hornsby, of Austin, for appellee.

BLAIR, J.

As preliminary, we are requested to determine whether the judgment appealed from is a final judgment. It does not dispose of all the parties and issues raised by the pleading and proof, and is therefore not a final judgment.

The suit originated before the Railroad Commission of Texas on application No. 945, of A. C. Fonda, as agent for all railroad companies in Texas, to establish certain intrastate freight rates upon iron and steel articles; Fonda claiming authority to establish such rates under order of the Interstate Commerce Commission in Consolidated Southwestern cases known as I. C. C. Docket 13535. Appellee, Texas Steel Company, a Texas corporation, intervened and contested the proposed rates as applicable to merchant steel bars and re-enforced concrete bars, upon the ground that such rates were unjust and discriminatory as to it, and asked that the rates with respect to these articles established and promulgated by the Railroad Commission on February 13, 1915, under order known as Commodity Tariff No. 48-A, Railroad Commission of Texas Docket No. 1570, be re-established as just and fair freight rates for such commodities. The relief prayed for by appellee was denied by the Railroad Commission, and appellee appealed to the district court of Travis county, under provision of article 6453 (Rev. St.), which reads, in part, as follows: "If any * * * party at interest be dissatisfied with the decision of any rate * * * adopted by the [Railroad] Commission, such * * * party may file a petition setting forth the particular cause or causes of objection to such decision * * * in a court of competent jurisdiction in Travis County, Texas, against said [Railroad] Commission as defendant."

In the proceedings in the district court appellee made the Railroad Commission and A. C. Fonda, as agent for all railroad companies in Texas, parties defendant, and sought: First, a cancellation of all orders and rates made and established by the Railroad Commission subsequent to February 13, 1915, with respect to merchant steel bars and re-enforced concrete bars as being unjust and discriminatory to appellee; and, second, prayed that defendant A. C. Fonda and all railroads be enjoined from collecting and demanding of appellee the freight rates established on said steel articles by the application of A. C. Fonda as appealed from. Both Fonda and the Railroad Commission filed demurrers to appellee's petition, suggesting the necessity of

all railroad companies against which the injunction was sought as parties defendant to the suit. These demurrers were sustained, and appellee amended its pleading, making all the appellant railroad companies parties defendant, upon the allegation that they were the only railroads with which it did business. On the trial to the court without a jury the following judgment was rendered: "(1) That the rates ratified and adopted by the defendant Railroad Commission by its said order of April 26, 1922, Circular No. 5548, and as amended by the said order of the said Commission of June 15, 1922, Circular 5573, inso-. far as the same applies to merchant steel bars and reinforcing concrete bars, are unjust and discriminatory to plaintiff, and the said defendant railways be and they are hereby enjoined from collecting said rates on merchant steel bars and reinforcing concrete bars."

Appellee made Fonda as agent of all the railroads in Texas a party defendant originally. The suit was not only to cancel the rates established and fixed in his name and issued on his application as agent for all the railroad companies in Texas, but was to enjoin Fonda as such agent from demanding and collecting the rates in question. This portion of the suit was not disposed of as to Fonda. The judgment nowhere named him nor made the above order for injunction applicable to him. It is therefore not final under the rule stated. Appellee contends, however, that the judgment is one in rem as to Fonda and the Railroad Commission under provisions of article 6453, supra, and in so far as it seeks to cancel the unjust and discriminatory rates; and that therefore under the following authorities it is conclusive as to all parties to the suit whether or not they are specifically named in the judgment. Freeman on Judgments, pars. 1517 to 1521, inclusive, also par. 1524; 34 C. J. p. 1172.

■■ If the cause of action had been merely to cancel the unjust and discriminatory rates or some particular order of the Railroad Commission, the Railroad Commission under the above statute would have been the only necessary defendant and the judgment would have been one in rem and binding upon all parties affected, whether or not they were parties defendant to the suit. But appellee not only sought to cancel the rates, but sought an injunction against not only all of the defendant railroad companies but against Fonda as agent for all of the railroad companies of Texas, to restrain him from collecting or demanding the unjust rates, and this portion of the cause of action was not disposed of as to Fonda, and the judgment is therefore not final. The following cases hold that a judgment which does not dispose of all the parties and issues is not a final judgment: Whitaker v. Gee, 61 Tex. 218; Linn v. Arambould, 55

Tex. 611; Willis v. Keator (Tex. Civ. App.) 181 S. W. 556; Brown v. Moore (Tex. Civ. App.) 169 S. W. 395. See also authorities cited 7 Vernon's Annotated Tex. Statutes, pp. 94 and 95.

■ The law is also well settled that if the record discloses that no final judgment has been rendered in a cause the appeal must be dismissed for want of jurisdiction. Mendoza v. A., T. & S. F. R. R. Co., 94 Tex. 650, 62 S. W. 418; Mills v. Paul, 1 Tex. Civ. App. 419, 23 S. W. 189; St. Louis, I. M. & S. R. Co. v. Wills (Tex. Civ. App.) 29 S. W. 431.

The appeal is dismissed.

Dismissed.