## G. W. BURKITT v. CHARLES McDONALD AND WIFE.

Decided June 27, 1901.

1.—Contract for Sale of Land—Waiver of Forfeiture—Default in Payments.

Where a contract for the sale of land provides for its forfeiture for default of payment by the vendee of any of the installments of purchase price due thereunder, the vendor waives the forfeiture and his right to recover the land itself by indulging the vendee in the payment of the installments, and insisting on their payment after they are due.

2.—Usury—Purchase Money Advanced—Addition to Price a Device.

Where defendant agreed with the owner of a lot to purchase it at a fixed price, and plaintiff agreed to furnish defendant the money with which to pay for it, to be secured by a lien on the property, and the owner thereafter conveyed the lot to plaintiff and he to defendant, but adding a further sum to the agreed price as additional compensation or premium for the use of the money, and taking notes of defendant for the whole amount bearing 10 per cent interest, the addition of such further sum to the price was a mere device to cover usury, and plaintiff was entitled to recover only the original price.

3.—Same—Charge—Issue—Estoppel by Request.

Where plaintiff requested special instruction upon the issue of usury, he can not be heard to complain that the pleading of the defendant did not authorize the submission of such an issue.

4.—Same—Costs—Tender.

Where usury was the sole question in the case, and the suit was commenced after defendant had tendered the full amount for which he was liable, the plaintiff was properly charged with all the costs.

5.—Evidence—Contradicting Witness—Motive—Charge of Court.

Where defendant testified to a certain fact in his favor, but did not remember he had so testified on a former trial; plaintiff could not, for the purpose of showing a motive for change in defendants testimony, put in evidence the charge given at the former trial and instructing that there was no evidence of such fact, nor was the charge admissible to contradict defendant, since it was not itself evidence of what the testimony was at the former trial, and there was no proof offered to show that defendant's testimony was different from what it was before.

Error from Anderson.   Tried below before Hon. A. D. Lipscomb.

*Gregg & Brooks,* for plaintiff in error.

*Thomas B. Greenwood,* for defendants in error.

GARRETT, CHIEF JUSTICE.—This action was brought by G. W. Burkitt against Charles McDonald and his wife, Alice McDonald, for the recovery of a lot or tract of land situated in the city of Palestine, or, in the event of the recovery of the land should be denied, for a balance of purchase money alleged to be due thereon.   The defense was a purchase of the lot, and usury in the contract for the payment of the purchase money.   Payments were pleaded, and a tender of the balance of the principal after deducting therefrom all payments made.   Defendants did not follow their plea of tender with a payment into court of the money admitted to be due.   The case was tried by a jury and re-

sulted in a judgment in favor of the plaintiff only for the balance admitted to be due, thus sustaining the plea of usury.

As shown by the evidence, and giving full effect to the verdict of the jury, the transaction was as follows: William Broyles offered to sell the defendant Charles L. McDonald the lot described in the petition, and they agreed upon $1205 as the price. At the request of McDonald, Burkitt agreed to furnish the money to pay for it, to be secured by a lien upon the lot and a deed of trust upon other property owned by McDonald. It was arranged that Broyles should convey the lot to Burkitt for a cash consideration of $1205, and that Burkitt should convey it to McDonald upon monthly installments of $15 each, with 10 per cent interest. When the contract between Burkitt and McDonald was prepared, $100 was added to the purchase price, and the whole was made payable $15 in cash, and the balance in eighty-six monthly installments of $15 each, with 10 per cent interest from date. The $100 was added as an additional compensation or premium for the use of the money. The contract contained the following provisions:

"In case the said party of the second part, his legal representative or his assigns, shall pay the several sums of money aforesaid punctually and at the several times above limited, and shall strictly and literally perform all and singular the agreements and stipulations aforesaid after their true tenor and intent, then the party of the first part will make to the party of the second part, his heirs or assigns (upon request and the surrender of this contract), a deed conveying said premises in fee simple. But should the party of the second part fail to make the payments aforesaid or any part of them, punctually and upon the strict terms and times above limited, and likewise to perform and complete all and each of the agreements and stipulations aforesaid strictly and literally, without any failure or default, then the party of the first part shall have the right to declare this contract null and void, and all rights and interest hereby created, or then existing in favor of the said party of the second part or derived under this contract, shall cease and terminate, and the premises hereby contracted shall revert to and revest in said party of the first part (without any declaration or forfeiture, or without any other act by said party of the first part to be performed, and without any right of the party of the second part, or reclamation or compensation for moneys paid or improvements made), as absolutely, fully, and perfectly as if this contract had never been made."

Upon this contract McDonald made Burkitt payments aggregating the sum of $766.64. All of the installments were not promptly paid, and while Burkitt was still insisting upon payment of the maturing installments and of the balance as claimed by him, McDonald tendered him the difference between $1205 and $766.64, which Burkitt refused. This tender was as of the full balance due, McDonald claiming that the contract was usurious, and that all payments should be credited upon the principal sum.

If the contract should be regarded only as one for the sale of land, laying aside the question of being one only for the security of money loaned, the plaintiff elected to affirm the sale by indulging the defendant in the payment of the installments and insisting upon their payment. And while the plaintiff was still insisting upon payment, the defendant, having paid a large part of the purchase money, tendered the balance due. Hence the court did not in any event err in refusing to instruct the jury to find for the plaintiff if the defendant failed to make any of the payments due before the tender. Tom v. Wolshoefer, 61 Texas, 281; Reddin v. Smith, 65 Texas, 28; Gardner v. Randell, 70 Texas, 457.

A seller may demand one price for cash and another and greater price upon credit, and it would not be usury. But in this case the price of the lot was agreed upon by Broyles and the defendant, and the plaintiff undertook to furnish the money to pay for it. It was really a sale by Broyles to McDonald for which Burkitt furnished the money. The form the transaction took can not relieve it of the taint of usury, because it is clear from the finding of the jury that Broyles did not sell the land to Burkitt, and that he conveyed it to him at the direction of the parties in order to secure the loan. A circumstance tending to show that the conveyance to Burkitt depended upon the sale to McDonald was the fact that the deed to Burkitt was not made until the contract between him and McDonald had been signed. The mere form of the contract is immaterial. All the shifts and devices intended to cover usury will be brushed aside and the real dealing and intention of the parties inquired into. Webb on Usury, secs. 203, 204. The charge of the court fairly submits the issues to the jury, and is not subject to the complaint made by the appellant in his second, third, and ninth assignments of error. Appellant having requested special instructions upon the issue of usury in a sale from Burkitt to McDonald, will not be heard to complain that the pleadings of the defendant did not authorize the submission of such an issue. There was no error in refusing the special instructions numbered 1, 2, 4, and 7. In so far as correct they were fully embodied in the general charge of the court. Upon the trial the defendant testified that Burkitt, in a conversation prior to the time the papers were signed, priced the land to him at $1205, and after he had so testified plaintiff's counsel asked him if he had so testified on the former trial, to which he answered that he did not remember. Plaintiff's counsel then, for the purpose of testing his recollection, and for the purpose of showing a motive for changing and a probability that he had changed his testimony on the trial, asked him if the judge in his charge at the former trial did not instruct the jury that there was no proof that Burkitt had fixed any price on the land prior to the time McDonald went to sign the papers. Defendant's counsel objected to this question, and the court sustained the objection. Plaintiff's counsel then, for the same purpose, offered in evidence so much of the judge's

charge given at the former trial as showed that he did on that trial instruct the jury that there was no evidence that Burkitt had fixed any price on the land prior to the time that McDonald went to sign the papers, and the court sustained defendant's objection to that also; to both of which rulings the plaintiff excepted and took his bill of exceptions. As a test of his memory, exclusion of what the defendant recollected of the charge on the former trial, if error, was immaterial, because he admitted that he had heard the charge read; and there having been no proof offered to show that his testimony was different from what it was then, the charge was not admissible to show a motive for change in his testimony. The charge itself was not evidence of what the testimony was on the former trial.

The fourteenth assignment of error can not be sustained because the facts in evidence warrant the verdict of the jury that the plaintiff loaned the money to McDonald to buy the lot with, and that the form of the transaction was for the purpose of securing Burkitt in the payment of the money and of covering usurious interest exacted for its use.

A person who takes usury should pay the cost incident to the litigation over that question. Webb on Usury, sec. 438; Ronner v. Welcker, 42 S. W. Rep., 439; Tyler v. Walker, 47 S. W. Rep., 424. Usury was the sole question in the case, and the suit was commenced after the defendant had tendered payment of the full amount for which he was liable.

The judgment will be affirmed.

*Affirmed.*