## W. E. MOORE v. LOUIS BROWN.

### Decided May 25, 1907.

**1.—Sale of Land—Executory Contract—Right to Rescind.**

While the vendor in an executory contract for the sale of land has the right, upon default by the vendee, to rescind the sale and to take possession of the land, still this right must be promptly asserted, and where part of the purchase money has been paid, and the assertion of the right to rescind has been delayed for such a length of time as to lead the vendee to believe that a strict performance of the contract would not be insisted on, and by reason of improvements made upon the land by the vendee the value of the same has been materially enhanced, equity will not decree a rescission. In every such case the question is, would a rescission be inequitable to the vendee.

**2.—Sequestration—Damages.**

Where in a suit by a vendor to rescind a contract of sale of land, the premises are sequestrated by the vendor, and the court finds that the sequestration was wrongfully sued out, it is proper to give credit on the balance of the purchase money due by the vendee for the rents of the place and the timber cut therefrom by the vendor while in possession.

**3.—Rescission—Offer to do Equity—Tender.**

Where in a suit to rescind a contract of sale of land the defendant alleges that he does not know the balance due, if anything, prays the court to ascertain the amount, and offers to do equity, it is a sufficient tender, without actually paying money into court.

Appeal from the District Court of Morris County. Tried below before Hon. P. A. Turner.

*Hart, Mahaffey & Thomas* and *J. M. Terrell,* for appellant.—Upon default being made by vendee in the payment of the purchase money under an executory contract for the conveyance of land the vendor has the right to the immediate possession of the land, unless the vendee show such equities as will defeat this right, and he can not be held liable in damages for taking possession of the same under a writ of sequestration. Lanier v. Foust & Douglass, 81 Texas, 189; Huffman v. Mulkey, 78 Texas, 562; Banks v. McQuatters, 57 S. W. Rep., 335; Wedig v. San Antonio Brewing Association, 25 Texas Civ. App., 158; Moore v. Giesecke, 76 Texas, 543.

Where, under an executory contract for the sale of land, the vendor sues to rescind the contract and recover the land, the vendee can only defeat this right by paying into the hands of the court, before judgment, the amount due upon the notes. A mere offer to

pay the amount found to be due by the court, without an actual payment of the money into court, is not sufficient. Moore v. Giesecke, 76 Texas, 551; White v. Cole, 9 Texas Civ. App., 283; Bell v. Chandos, 27 S. W. Rep., 49; Rogers v. Peoples Building & L. Co., 55 S. W. Rep., 385; 28 Am. & Eng. Ency. L. (2d ed.), 28.

*Henderson & Robison,* for appellee.—When the vendor in a suit to rescind an executory contract for the sale of land wrongfully procures and levies a writ of sequestration, and prays in the alternative for a judgment and foreclosure of the vendor's lien, and the vendee shows such equities as entitles him to hold the land and pay the amount due, it is not error to deny the rescission and render judgment for the balance due after deducting the value of the rents for the time it is held by virtue of the sequestration, and the value of the timber taken from the land during the time it is so held. Van Zandt v. Brantley, 16 Texas Civ. App., 427; Cundiff v. Corley, 27 S. W. Rep., p. 167; Gardner v. Rundell, 70 Texas, 455.

BOOKHOUT, Associate Justice.—Appellant as plaintiff instituted this suit on the 8th day of January, 1904, in the District Court of Morris County, Texas, in the form of trespass to try title to 160 acres of land located in that county. The defendant answered alleging, in substance, that on the 14th day of February, 1896, he purchased the land involved in this suit from the plaintiff for the sum of $560, all on credit, to be paid in three annual payments of $186.66 2-3 each, as evidenced by three notes due respectively on the first days of November, 1896, 1897 and 1898. That the plaintiff made and executed to him a deed to said premises. That the notes above mentioned bore interest from their date at ten per cent per annum; that by the terms of said deed a vendor's lien was retained on said land to secure the payment of said notes; that defendant had fully paid off and satisfied the notes, and setting out a number of payments claimed to have been made by him thereon. That if the defendant was not correct in claiming that the whole of said notes had been paid, then that the court inquire into the transactions and dealing between the plaintiff and defendant and determine the amount due upon said notes and to enter and render judgment for the plaintiff for such amount as he found to be due with a foreclosure of the vendor's lien upon the land. Defendant further alleged that he tendered into court any amount found to be due plaintiff upon said notes. The answer further alleged that since purchasing the land the defendant had put about seventy-five acres of it in cultivation, had fenced the same, and had built barns, smoke-houses and made other permanent and valuable improvements upon said land, and prayed that in the event the court decreed title to the plaintiff to the land that the plaintiff be required to restore to him the amount he had paid on said land and he have judgment for the value of his improvements. That since the institution of the suit, to wit, April 14, 1904, the plaintiff had sued out a writ of sequestration and seized and taken possession of said land and has since held possession thereof; that the sequestration was wrongfully and maliciously sued

out, and prayed for damages. The answer also alleges that since the plaintiff had held possession of said land he had cut and removed timber therefrom, and prayed for damages for the value of the timber. Plaintiff replied by supplemental petition to this answer consisting of certain special exceptions, a general denial and further specially pleading and setting out the execution and delivery to him by the defendant of the notes mentioned in the defendant's answer, further alleging that said notes provided for ten per cent attorney's fees, if collected by law or placed for collection; that nothing had been paid thereon; that he had been forced to employ attorneys to represent him in this suit, and prayed first, as in his original petition, for the restitution and possession of the land, but in the event that he be denied this relief then for judgment for the amount due upon the said notes including interest and attorney's fees, for a foreclosure of his lien and for general relief.

On the 9th day of November, 1906, the case was duly tried by the court, without a jury, and judgment rendered in favor of the plaintiff for the sum of $456.94 with a foreclosure of his lien upon the land described in the petition, together with a judgment for all costs. To this judgment of the court the plaintiff excepted, gave notice of and perfected an appeal. This is the second appeal of this case. The opinion upon the former trial will be found in the 89 S. W. Rep., 310.

The appellee purchased this property from the appellant on the 14th of February, 1896, for $560, all on credit, to be paid in three equal installments. The first one was due November 1, 1896, the second was due November 1, 1897, and the third was due November 1, 1898. This suit was filed on the 8th of January, 1904. The facts show that the following payments were made upon the notes: October 25, 1897, $49.50; October, 1898, $48.68; November, 1899, $33; November 17, 1900, $58.81; August, 1901, $254.71.

The appellee contended that he had fully paid off the notes. The appellee is an old negro, uneducated and relied upon appellant to keep an account of the payments.

The court held that the appellant was not entitled to rescind the sale and held that the sequestration was wrongfully sued out. The court gave judgment in favor of appellant for the balance due upon the notes, with interest and ten per cent on the amount as attorney's fees. He found $375 rents in favor of appellee for the time appellant had been in possession of the land by virtue of the sequestration, and $25 for timber cut and removed by appellant from the land while he has been in possession. The court found that there was due appellant, after deducting the rents and value of timber, the sum of $456.94, for which he rendered judgment in favor of appellant foreclosing his vendor's lien.

Did the trial court err in refusing to rescind the contract and give judgment for plaintiff for the land? The contract was executory. Upon default by the vendee in an executory contract to convey land the vendor has the right to rescind the sale and to the immediate possession of the land. Where part of the consideration has been paid the right to rescind may be defeated by showing that there has been too long a delay in insisting on the payment

of the purchase money as it falls due and in treating the contract as still existing. Tom v. Wollhoefer, 61 Texas, 281. It was said in the case of Hamblen v. Folts, 70 Texas, 134, "It is true that when the vendee is willing to perform the contract, and the vendor has received a part of the consideration, or has delayed for unreasonable time to ask for a rescission, so that the vendee would have the right to conclude that strict performance on his part would not be insisted upon, and under that apprehension has made valuable improvements on the land; or when for any reason it would be inequitable for the vendor to recover possession of the land, a court of equity will not permit him to do so. And the question at last in every case must be, is a rescission inequitable under the rules laid down by the courts, or has the vendee forfeited all right to perform the contract and obtain the land?" This language was quoted and approved in the case of Moore v. Giesecke, 76 Texas, 549.

The facts show in this case that the appellee Brown continued paying on the notes up to August, 1901, at which time he paid $254.71; that in his opinion this paid the notes in full; that he relied upon appellant to keep an account of the payments and the time of payment. The parties kept figuring on the balance due upon the notes, in the language of the witness, up to the time of filing this suit. Appellee arranged with Mr. Connor to pay the balance due on the notes, and when appellee made this fact known to the appellant he stated: "I don't want the money. If I had it I would spend it." These facts shows that the appellant treated the contract as subsisting up to the institution of this suit, seven years from the time of the maturity of the first note given in payment of the land. During that time not a suggestion was made by appellant in reference to a rescission. The appellee, while he had possession of the land, made permanent improvements thereon equal in value to the rents. By reason of the improvements made by the appellee upon the land it is worth from $10 to $12 per acre. The trial court held that appellant was not entitled to a rescission. The authorities sustain this holding. Burkitt v. McDonald, 64 S. W. Rep., 694; Moore v. Giesecke, 76 Texas, 543; Tom and Wife v. Wollhoefer, 61 Texas, 281.

The court did not err in giving credit on the notes for the value of the rents of the place and the value of the timber cut and removed therefrom, after plaintiff got possession of the same under the sequestration proceedings. Moore v. Brown, 89 S. W. Rep., 310. The court found that the sequestration was wrongfully sued out, and that the value of the rents was $375, and of the timber cut and removed, $25. There is evidence to support the finding.

It is contended that there was no such tender by defendant of the amount due on the notes as would defeat plaintiff's right to rescind. The defendant in his pleading asks the court to determine the amount that is due on the notes, if anything, and says, "He here now tenders same into court and asks that the plaintiff be required to accept the same and that he be decreed a clear title to said land." No money was in fact paid into court. The pleadings show that the defendant did not know the balance due on the notes. His tender only amounted, in effect, to an offer to do equity. Such

offer is sufficient in an equitable case, as is the present suit. Appellee had offered to have the balance due on the notes paid off by another and plaintiff refused the offer. The pleading was sufficient without paying the money into court. Gardner v. Rundell, 70 Texas, 454.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.