MILLER et al. v. LINGUIST.

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 21, 1911. Rehearing Denied Appellant Richards Nov. 25, 1911.)

1. VENDOR AND PURCHASER (§ 253*)—VENDOR'S LIEN—RETENTION.

Where a note showed that it was given to pay the balance of the purchase price of certain lots and contained the words "the said lots to stand good till paid," such words were sufficient to reserve a vendor's lien in favor of the payee, though no lien was reserved in the deed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 637–640; Dec. Dig. § 253.*]

2. VENDOR AND PURCHASER (§ 257*) — VENDOR'S LIEN—EFFECT.

Where a vendor's lien on land is expressly retained in a note given for the balance of the price, the superior title remains in the vendor until the lien is satisfied.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 654; Dec. Dig. § 257.*]

3. VENDOR AND PURCHASER (§ 253*) — VENDOR'S LIEN—INSTRUMENTS—CONSTRUCTION.

Where a note for the balance of the purchase price of land reserved a vendor's lien, and the deed, which fully described the land, was executed the day after the execution of the note, the two instruments were parts of the same transaction of purchase and sale, and hence it was not material that the note reserving the lien did not describe the land.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 637–640; Dec. Dig. § 253.*]

4. VENDOR AND PURCHASER (§ 299*) — VENDOR'S LIEN—RECOVERY OF LAND—LIMITATIONS.

Where a vendor brought suit to recover the land, and not to collect a note reserving a

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

vendor's lien for the balance of the price, nor to foreclose the lien, it was not material that an action on the note or to foreclose the lien would have been barred by limitations.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 299.*]

5. VENDOR AND PURCHASER (§ 299*) — VENDOR'S LIEN—ACTION TO RECOVER LAND—OFFER TO REPAY.

Where a vendee failed to pay a note for the balance of the price of the land and reserving a vendor's lien, a petition by the vendor to recover the land, alleging that the vendee had refused to pay the note, but which did not allege the amount of the purchase money that had been paid, or show any facts which, in equity, would require a return of any part of the consideration as a condition to his right to rescind the sale, was not objectionable for failure to contain an offer to repay the purchase money the vendor had received.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 299.*]

6. VENDOR AND PURCHASER (§ 245*)—UNRECORDED DEED—QUESTION FOR JURY.

Evidence *held* to require submission to the jury of the question whether a subsequent purchaser of certain land had notice of a prior unrecorded deed of an undivided interest in the land by his vendor to another.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 245.*]

7. VENDOR AND PURCHASER (§ 243*) — PRIOR UNRECORDED DEED—NOTICE—EVIDENCE.

On an issue as to whether a subsequent purchaser had notice of a prior unrecorded deed from his vendor to L. of an undivided interest in the property, L., having been asked by such subsequent purchaser's attorney why he did not record the deed sooner, was properly permitted to state not only that he had been informed by an attorney that the only person that could beat him out of the land was his grantor by conveying it to someone else, and that, relying on his grantor, he did not place the deed on record, but also concerning the consideration he agreed to pay for the property to show that he was claiming the same in good faith.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 606–608; Dec. Dig. § 243.*]

Appeal from District Court, Palo Pinto County; W. J. Oxford, Judge.

Action by E. W. Miller against E. J. Wilcox and Frank Richards, in which John Linguist intervened. From a judgment for defendants, plaintiff appeals, and, from a judgment in favor of intervener Linguist, defendant Richards appeals. Reversed on plaintiff's appeal, and affirmed on appeal by defendant Frank Richards.

W. H. Gross, for appellant Miller. Penix & Eberhart and J. T. Ranspot, for appellant Richards. Eli Oxford, for appellee Linguist.

DUNKLIN, J. [1] E. W. Miller instituted this suit to recover of E. J. Wilcox an undivided one-half interest in a block of land in the town of Mineral Wells. Subsequently, Frank Richards became a party defendant and John Linguist an intervener in the suit. The cause of action upon which plaintiff relied for a recovery consisted in the allegations contained in the second count of his petition, substantially as follows: On or about April 24, 1884, plaintiff contracted with defendant Wilcox to sell the property in controversy to Wilcox, who, as a part of the consideration therefor, executed and delivered to plaintiff a promissory note reading: "Ft. Worth, Texas, Tarrant County, April 24, 1884. Sixty days after date I promise to pay E. W. Miller the sum of one hundred and ten dollars ($110.00) for balance due on some lots in Mineral Wells, Texas, the said lots to stand good till paid, this note is to draw 12, twelve, per cent. interest, till paid. [Signed] E. J. Wilcox." On April 25, 1884, plaintiff executed and delivered to Wilcox his deed in writing to said property, and said promissory note and deed were executed and passed between the parties as evidencing the one contract of sale and purchase of the property. It was further alleged, in substance, that by the terms of the note a vendor's lien was expressly retained upon the property to secure the payment of the note; that the note is past due and unpaid and now owned by the plaintiff; that by reason of defendant's refusal to pay same plaintiff had elected to rescind the sale; that defendant has never gone into possession of the property, but is claiming title thereto, and is thus clouding plaintiff's title. The petition then concludes with a prayer for judgment for the title and possession of the property and for general relief. Richards and Linguist urged general and special demurrers to plaintiff's petition, all of which were sustained. Thereupon the court dismissed plaintiff's suit, and from these orders plaintiff has appealed.

[2] The contention presented by some of the special exceptions was that no vendor's lien was retained upon the property by the terms of the promissory note set out in the petition and alleged to have been executed by Wilcox as part of the purchase price of the property, and, as the petition did not allege the retention of such lien in the deed of conveyance to Wilcox, it did not appear that in the sale plaintiff retained the superior title to the property. While the note was inartistically worded, we think that the language, "the said lots to stand good till paid," construed in connection with the other terms of the note, was sufficient expressly to retain a vendor's lien on the property. It must be assumed that the parties to the instrument meant to convey some meaning by using the language quoted, and we are unable to understand how any other meaning than the one suggested above could have been intended; and, a vendor's lien on the property having been expressly retained in the note, the superior title remained in the vendor. Buckley v. Runge, 136 S. W. 533, and decisions there cited.

[3] It was further contended by special exceptions that the petition was insufficient, in that the note contained no description of any lots upon which a lien was reserved, and

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

especially that it did not show a lien upon the particular property for which plaintiff sued. As above noted, while the deed and note show different dates, the note being dated April 24th and the deed dated April 25th, yet it was alleged in the petition substantially that the two instruments were parts and parcels of the same transaction of purchase and sale. We perceive no valid reason why that rule of construction should not apply, and, so construing the petition, we overrule appellee's contention now under discussion. Busby v. Bush, 79 Tex. 656, 15 S. W. 638.

[4] Even though the statutes of limitations furnished a good defense to the collection of the note and to a foreclosure of the vendor's lien, as insisted by Richards and Linguist in another special exception, yet as the suit was to recover the land, and not to foreclose, that exception should have been overruled. Neither does it appear that any statute of limitations would bar a recovery of the land, especially in view of the allegation that defendant Wilcox was never in possession thereof.

[5] The only remaining special exception was that the petition is insufficient because it contained no offer by plaintiff to repay the purchase money received by him for the land. Plaintiff alleged that Wilcox had refused to pay the note, and the petition contained no allegation of the amount of purchase money paid to plaintiff by Wilcox and shows no facts which in equity would in any event deprive plaintiff of the right to rescind the sale to Wilcox without a return to him of any consideration already received, if he received any. This assignment is therefore overruled. See Moore v. Giesecke, 76 Tex. 543, 13 S. W. 290; Burkitt v. McDonald, 26 Tex. Civ. App. 426, 64 S. W. 694; Moore v. Brown, 46 Tex. Civ. App. 523, 103 S. W. 242.

Aside from the questions presented by some of the special exceptions, already discussed, appellees have urged no other reasons, and we are unable to perceive any, why the general demurrer to plaintiff's petition should have been sustained; and hence we hold that there was error in sustaining the general demurrer.

[6] It appears from the record that, after the institution of this suit by plaintiff, defendant Wilcox sold to Linguist an undivided one-fourth interest in the property in controversy, and later sold the entire property to Richards. Issue was joined between Richards and Linguist; the former claiming title to the entire property as against Linguist, who sought to recover of Richards an undivided one-fourth interest therein. This issue was tried after plaintiff's suit was dismissed, and a judgment was rendered in favor of Linguist. From that judgment Richards has appealed.

Linguist did not record his deed until after Richards had purchased from Wilcox; but he alleged in his pleading that Richards had notice of the deed to Linguist at the time he (Richards) purchased from Wilcox. Richards insists that there was no testimony which warranted the court in submitting this issue to the jury, as was done. Linguist testified that on several occasions he attended court for the purpose of assisting in the defense when it was expected this case would be reached for trial; that he and Wilcox were nearly always together; that Wilcox introduced him to a number of people as his partner; that Wilcox introduced Linguist to Richards at the first term of the court at which the case was expected to be reached for trial and prior to the date of the deed from Wilcox to Richards; that at the time of the introduction Wilcox told Richards that Linguist was his partner; and in that connection Linguist further testified as follows: "And we all there had a little conversation. In a short while Richards, Wilcox, and I walked across the courthouse square to the post office and stood there talking for a few minutes, talking about this case all the time. I remember that in the conversation at the post office building Wilcox turned to me and Richards and said: 'Well, John, I guess we will have to give up this property. Mr. Richards here says he can hold out longer than we can.' I then said: 'I guess we have lived so long without it and I guess we can live further without it if necessary.' And Mr. Richards' answer to the same conversation was that he had his money here and lived here, and he thought he would be able to hold it." According to the testimony of Linguist, this conversation occurred prior to the date Linguist intervened in the suit. In his testimony Richards positively denied the conversation in toto, and he insists that there is no other testimony in the record tending to show that he had any notice of Linguist's deed at the time Wilcox executed the deed to Richards. The testimony above referred to is set out in appellant's brief, and we think that it was sufficient to warrant the submission of the issue and to sustain a finding by the jury in Linguist's favor upon that issue. The case of Frost v. Wolf, 77 Tex. 455, 14 S. W. 440, 19 Am. St. Rep. 761, and other authorities cited in appellant's brief upon the proposition that the testimony referred to did not support the allegation of notice to Richards because, if the same be accepted as true, it could have no further effect than to show that Linguist and Wilcox owned the land as partners, and that while they were partners Wilcox had authority as a matter of law to dispose of the interests of both partners by deed, we do not think are in point. Those authorities do hold that one partner can transfer the equitable title of all the partners in real estate if such transfer is made within the scope of the powers given him under the partnership agreement. But there is nothing in this record tending to

show any character of agreement whereby Linguist ever invested Wilcox with power to sell his (Linguist's) interest in the land.

[7] Over Richards' objections, Linguist was permitted to testify as follows: "I put up all the money that was paid the attorneys for E. J. Wilcox to fight this case. I paid W. E. McConnell $50 and Eli Oxford $75, and I paid Eli Oxford's expenses coming to court. I also put up the money for Wilcox to come to court. The money I paid the attorneys was for them to prosecute this suit." He also testified: "When I got the deed from E. J. Wilcox to the property in controversy, I asked Eli Oxford whether it was necessary to put same of record, and they told me that nobody could beat me out of the land but E. J. Wilcox by conveying it to some one else; and, relying upon Wilcox, I did not place the deed of record, as I should have done." The grounds of objection to this testimony were that same was irrelevant, immaterial, and self-serving, and did not explain any issue in the case. By explanations attached to the bills of exceptions the trial judge stated that the testimony relative to the payment of attorney's fees was admitted because other testimony showed that Linguist had paid $100 cash to Wilcox for the interest claimed by him and had agreed to pay a part of the expenses in defending the suit against Miller and Richards, and that in pursuance of that agreement Linguist came from Reno, Nev., with Wilcox to Palo Pinto, and there openly and publicly with him engaged in the defense of the suit and was treated and held out publicly as Wilcox's partner in the suit. The trial judge further explained that, in the effort by Richards to show that Linguist did not hold the title to the property claimed by him in good faith and a fraudulent collusion between Linguist and Wilcox, counsel for Richards asked Linguist why he did not put his deed of record, and that the testimony of Linguist giving the advice of Eli Oxford as his reason for not so doing was admitted on a redirect examination of Linguist after he had been asked by Richards' counsel why the deed was not sooner recorded. We think that all of the evidence was admissible. It is insisted by Richards that there is no evidence in the record attacking Linguist's deed as fraudulent, and, further, that that issue was not raised by Richards' pleadings; but we do find in the statement of facts in the testimony of Linguist that that witness was asked by counsel for Richards to explain his failure to record his deed, as stated by the trial judge in his explanation to the bill of exception. Linguist was an interested party, and, the good faith of the transaction being thus challenged by the question, it was proper for him to testify as he did in order to remove the suspicion implied, and for the same reason to testify to the full consideration which he agreed to pay for the property.

For the reasons above stated, the judgment sustaining the demurrer to plaintiff's petition and dismissing his suit is reversed, and the cause remanded; but the judgment in favor of Linguist against Richards is affirmed.