WRIGHT et al. v. CHANDLER et al. (No. 5361.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 10, 1915.)

1. APPEAL AND ERROR ☞79—FINAL JUDGMENT—CONSOLIDATED ACTIONS.

The judgment in consolidated causes is not final unless it disposes of the litigation as to all parties to the suit.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 484–493; Dec. Dig. ☞79.]

2. PLEADING ☞286—CONSOLIDATED CAUSES —REPLEADING—NECESSITY.

Where a suit to cancel vendors' liens and recover the purchase money paid was consolidated with a suit to foreclose the lien notes, the court

should have required the parties to replead under the proper style of the consolidated case.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 851, 852; Dec. Dig. ☞286.]

3. CANCELLATION OF INSTRUMENTS ☞58 — DAMAGES—JURISDICTION.

Where the court acquires jurisdiction in an action to rescind vendors' lien notes for fraud, it has jurisdiction to give complete relief by awarding damages to plaintiff on it appearing that he is not entitled to cancellation by reason of a transfer of the notes to an innocent holder.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 118, 120; Dec. Dig. ☞58.]

4. CANCELLATION OF INSTRUMENTS ☞58 — PLEADING—RIGHT TO AWARD DAMAGES.

Under a prayer for general relief in law and equity in a suit to cancel vendors' lien notes for fraud, the court may award damages to plaintiff on it appearing that he is not entitled to a cancellation by reason of a transfer of the notes to an innocent holder.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 118, 120; Dec. Dig. ☞58.]

5. ELECTION OF REMEDIES ☞3—RESCISSION OF CONTRACT—DAMAGES.

Where the purchaser, on discovering that he has been defrauded, sues for damages, he thereby affirms the contract and loses his right to rescind; but, where he sues for rescission, his right to damages, in case it becomes necessary to change the cause of action, is not lost.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. §§ 3, 4; Dec. Dig. ☞3.]

6. TRIAL ☞358—FINDINGS—JUDGMENT.

Where the findings of the jury that were made were conflicting and as to certain material issues they were unable to agree, they were insufficient to support a judgment.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 856; Dec. Dig. ☞358.]

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Suits by Alice W. Wright and husband against Edwards H. Smith and A. B. Chandler, and by A. B. Chandler against Alice W. Wright, her husband, and Edwards H. Smith, were consolidated, and from an adverse judgment Alice W. Wright and husband appeal. Affirmed in part, and reversed and remanded in part.

Rich & Searle, of Brownsville, and G. P. Dougherty, of Houston, for appellants. Spears & Montgomery, of San Benito, and Graham, Jones, West & Dancy, of Brownsville, for appellees.

CARL, J. Mrs. Alice W. Wright, who was formerly Mrs. Alice W. Pruitt, a widow, joined by her husband, J. A. Wright, filed suit against Edwards H. Smith and A. B. Chandler, . in which she prayed judgment against Smith for $5,738.35 and interest thereon from October 14, 1912, and for cancellation of two vendor's lien notes aggregating $5,738.34, which she gave Smith in part payment for 53.38 acres of land in Cameron county, Tex. The contract price was $215 per acre, and it was charged that fraud was practiced upon her, in that she was unacquainted with lands in that section of the state and relied on said Smith and his agents; that said land was represented to be well drained and as good land as there was in the San Benito country; that it was free from alkali, etc., and was of the proper mixture of sand to be well suited to irrigation. These and other material representations were alleged to be false, and the Wrights tendered a deed back, and prayed: First, for judgment against Smith for $5,738.35 and interest as aforesaid and for a cancellation of the two notes, which it was alleged had been collusively and fraudulently conveyed to Chandler, and it was denied that he was an innocent purchaser for value before maturity thereof; second, prayer was made for judgment for $2,334.85 and cancellation of the two notes, the damages alleged to be $8,073.17, or the difference between the contract price, or what was given, and the market value of the land, and for confirmation of title of said land in plaintiffs. This was cause No. 25011 on the docket of the district court of Cameron county.

On October 25, 1913, A. B. Chandler filed suit in cause No. 2513, against the Wrights and Edwards H. Smith, in which he alleged that he was the owner of said notes, for value, without notice, etc., and, the first note being due, the option clause therein was exercised maturing both notes, and prayer was made for judgment for the debt and for foreclosure of the lien. Smith filed an answer, in proper person, in this last case, in which he admitted Chandler's cause of action and prayed for judgment over against Mrs. Wright, in case judgment went against him. The Wrights, having been cited, answered in this last case, and in a cross-action alleged substantially what was set forth in their petition in cause No. 25011, and in addition thereto pleaded other and additional alleged fraudulent acts on part of Smith. In their cross-action the Wrights prayed, first, for judgment for $11,476.69 and interest on $5,738.35 from October 14, 1912, and that Smith be required to accept a reconveyance of the land tendered. And in the alternative they prayed for $5,738.35 with interest from October 14, 1912, and judgment requiring Smith to accept a deed of reconveyance, and for judgment over against Smith for any money owing Chandler by the Wrights on account of the vendor's lien notes. As a further alternative prayer, they asked judgment against Smith for $5,738.35, with interest, and for judgment canceling the notes.

The two causes Nos. 2511 and 2513 were consolidated.

On April 15, 1914, Chandler and Smith filed supplemental pleadings in which, among other things, they allege since June, 1913, the Wrights have asserted ownership of the land and have been in possession thereof continuously claiming, using, and enjoying the same, including the rents and revenues; and

denial is made of a tender of a deed, or that appellants have done those things which would entitle them to a rescission. And on this same day, April 15, 1914, the Wrights filed a pleading in denial of the matters so alleged by Smith and Chandler, and in this pleading they deny that they have asserted ownership of the land since October 10, 1913, again tendered deed to the land, and demanded the return of the purchase money and surrender of the notes, and offered to pay the reasonable rental value of the land from October 10, 1913, to that date; and they pray, also, for relief asked for in their other pleadings, and in the alternative for damages against Smith in the sum of $10,170.67, and for general and special relief. Smith and Chandler filed a motion on the same day to strike out this alternative plea for damages, and the court granted the motion, and rendered judgment against appellees upon the pleadings and answers of the jury hereinafter referred to.

In the original petition in cause No. 2511, as well as in the cross-action filed in No. 2513, the Wrights pleaded fully the facts, substantially the same, and in detail showed how they were damaged, and in each instance prayed for general and special relief, both in law and in equity. It developed to the satisfaction of appellants, upon the trial, that Chandler was an innocent purchaser of the notes for value, before maturity, and they thereupon admitted the cause of action in so far as Chandler was concerned and assumed the burden of proof on the matters set out in their cross-action against Edwards H. Smith, and the cause was tried on April 18, 1914, before a jury, on special issues. The jury answered some of the questions, but others they were unable to agree upon and so reported to the court.

The substance of the answers made is as follows: That Alice W. Wright relied on the statements of Smith in regard to the land, and before she bought she told Smith she would have to rely upon him because she was not a judge of land; that Smith told her the land was well drained and easily tilled and was as good as any land in the San Benito tract. He told her this as an inducement for her to buy the land; but the jury could not agree as to whether the land was well drained, as represented, neither could they answer as to what was meant by "well-drained land." They do say, however, that Smith represented the soil to be sandy land, and find that 35 per cent. sand is necessary to constitute sandy land. This land, however, they find had "very little, if any," sand. It was understood between the parties that the land would have enough sand to make it easily tilled and scour. He represented to her that all of the land was tillable, by which the jury says he meant all the land he had been cultivating. Then the next question the jury declined to answer whether the representations as to tillabili-

ty were true as made. They find that no representations were made as to the land being free from alkalis and salts, and say there were not sufficient alkalis and salts to injure a crop at that time, and they say he made no representations as to whether water stood upon the land; but they refuse to answer whether water, in fact, did stand upon the land so as to injure crops. He represented to her that the land was as good as any in the San Benito tract and was worth $215 per acre, owing to natural advantages and shipping facilities; but they refuse to answer the question as to what the market value of said land really was at the time Mrs. Pruitt (later Mrs. Wright) bought. They say that Mrs. Pruitt discovered the last grounds upon which she bases her action to rescind in November, 1913, and after such discovery she has used and occupied and asserted ownership over the land.

"We, the jury, have agreed upon such questions as are answered and are unable to reach an agreement on questions unanswered.

"[Signed] E. A. McGary, Foreman."

On these findings, the court rendered judgment for Chandler against the Wrights as principals and Smith as indorser of the notes, for the amount due thereon and foreclosed the lien, and gave Smith a judgment over against Alice W. Wright and the community estate of her and J. A. Wright for such part thereof as the said Smith should be compelled to pay, and gave judgment against Mrs. Wright on her cross-action against Smith.

[1-4] In the original petition filed in cause No. 2511, which was consolidated with No. 2513, the Wrights, as plaintiffs, alleged and prayed for damages substantially as in their cross-action which was stricken out by the court upon the trial as having been filed too late. Where causes have been consolidated, the judgment, to be final, must dispose of the litigation as to all the parties in such suit. Mills v. Paul, 1 Tex. Civ. App. 421, 23 S. W. 189. And, when causes of action are so consolidated, the court should require the parties to replead, as a general rule, under the proper style of the consolidated cause. Ralston v. Aultman, Miller & Co., 26 S. W. 746. But that was not done in this case; still, it should have been done. The suit in equity for rescission of the contract gave the court jurisdiction for all purposes, and, under the prayer for general relief in law and equity, such relief as the facts warranted could be granted. The supplemental answer in this case, and specific prayer therein for damages, was nothing more nor less than a trial amendment made necessary by the development of the facts on the trial which showed that as to Chandler a rescission could not be had. The facts pleaded were substantially the same as had theretofore been alleged, and no different or additional testimony was required. Rescissions are not, as a rule, favored by the courts, and, where a suit is

first brought for damages, it has been held that same is a waiver of the right to sue for rescission and an election to pursue, instead, the action for damages. A court of equity, as a general rule, declines jurisdiction in a case for mere compensatory damages, when "not given in addition to or as an incident to some other special equitable relief, unless under special circumstances, the exercise of such jurisdiction may be requisite to promote the ends of justice."

"There are, however, special circumstances in which the principle under discussion is invoked and is extended to the award of mere damages. If a court of equity obtains jurisdiction of a suit for the purpose of granting some distinctively equitable relief, such, for example, as the specific performance of a contract, or the rescission or cancellation of some instrument, and it appears from facts disclosed on the hearing, but not known to the plaintiff when he brought his suit, that the special relief prayed for has become impracticable, and the plaintiff is entitled to the only alternative relief possible of damages, the court then may, and generally will, instead of compelling the plaintiff to incur the double expense and trouble of an action at law, retain the cause, decide all the issues involved, and decree the payment of mere compensatory damages." Pomeroy's Equity Jurisprudence, vol. 1 (2d Ed.) p. 309.

[5] The trial court erred in striking out the prayer for damages, since the same could not have operated as a surprise, because the facts justifying same were pleaded and had been all the while. No proof was necessary to meet same that was not already in the record. The price paid and evidence of market value, etc., had all been shown. For that matter, appellants were entitled to the benefit of the testimony as to damages under their prayer for general and special relief in law and equity. While the Wrights, under the jury's finding, had lost their right to rescission, it does not necessarily follow that they had lost their right to damages. A party electing to sue for damages affirms the contract, and therefore loses his right to rescind the same; but it does not follow that, by suing for rescission, the right to damages is lost, in case it becomes necessary to change the cause to an action for damages. When a party has a cause for damages, it will last until limitation intervenes; but, when he brings a suit for damages, he thereby puts an impassable barrier between him and the right to rescind the contract.

Since we shall reverse the judgment, it will not be necessary to go into detail on other questions, because they may be avoided on another trial. The trial court should direct a repleading under the consolidated cause, as should have been done before.

[6] The findings of the jury that were made are conflicting, and upon some of the material inquiries they were unable to agree. Taken as a whole, such findings are totally insufficient to support a judgment.

The judgment is reversed and the cause is remanded, as between Edwards H. Smith and appellants; but, since no complaint is made as to the judgment for debt and foreclosure in favor of A. B. Chandler, that part of the judgment is affirmed.

Affirmed in part, and reversed and remanded in part.