### GUSTAFSON v. AMERICAN LAND CO.
### (No. 6590.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 5, 1921. Rehearing Denied Nov. 2, 1921.)

**1. Pleading ☞228—Exceptions admit allegations at which directed.**

For the purpose of testing sufficiency of exceptions, every allegation at which they are directed must be taken as true.

**2. Pleading ☞34(4)—Construed against pleader on exceptions.**

Allegations at which exceptions are directed are construed most strongly against the pleader.

**3. Pleading ☞204(5) — Exception to entire cross-action not sustainable if single defense or cause of action is stated.**

If any one of the allegations in the cross-action were available as defenses or stated a cause of action, an order sustaining an exception to the entire pleading was error.

**4. Vendor and purchaser ☞269—Remedies of vendor reserving lien stated.**

A vendor reserving lien may on default rescind and recover title, or enforce performance and recover unpaid price with foreclosure of lien, either remedy being pleaded as the alternative of the other, though he must finally elect, or he may bring suit in form of an action to recover title.

**5. Vendor and purchaser ☞299(1) — Vendee may set up fraud by cross-action in vendor's suit to recover title.**

Where vendor reserving lien sued on default to recover title, vendee might set up alleged fraud of the vendor in procuring the contract and recover damages therefrom.

**6. Pleading ☞93(2)—Vendee's remedies for fraud may be pleaded alternatively in vendor's suit to recover title.**

The vendee's two remedies for fraud, that of rescission and recovery of purchase money and for improvements, on specific performance and recovery of damages, though inconsistent and not available in one form of action, may be both pleaded, one as the alternative of the other in suit for title of vendor reserving a lien.

**7. Limitation of actions ☞100(6) — Limitations as to vendee's remedy for vendor's fraud held tolled until time of discovery of fraud.**

The two-year statute of limitations, which bars a vendee's remedy for vendor's fraud, is tolled until the time the vendee discovers the fraud or should have discovered it in the exercise of ordinary diligence.

**8. Limitation of actions ☞180(2)—Pleading disclosing bar may be questioned by exception, otherwise the question is one of fact.**

If a pleading setting forth a cause of action discloses the presence of a bar of limitations, the question may be settled by appropriate exception; otherwise it becomes one of fact to be determined from the evidence.

**9. Limitation of actions ☞202(2)—Presumption of date not available where pleadings not in record, and presumption favoring judgment controls.**

The presumption that, in the absence of a showing in the record to the contrary, the cause of action alleged in an amended pleading is the same as that set up in the superseded pleading, cannot avail the pleader whose amendment sets up limitations, and the record does not show the date of his original or intermediate pleading, and it will be presumed in favor of the judgment that the trial court, which had the pleadings before it, examined them, and that such examination disclosed that the pleader's remedy was barred.

**10. Fraud ☞35—Limitation of actions ☞40 (2)—Vendor and purchaser ☞119—Vendee must disaffirm promptly on discovery of fraud, though failure to rescind does not waive right to damages; barred right of action available for defense.**

While vendee by failure to disaffirm promptly on discovery of fraud loses right to do so, he does not thereby waive his right to damages, which, however, may be barred as a cause of action by limitations, but even thereafter may be available to abate the amount of the purchase price.

**11. Principal and agent ☞189(1) — Vendee's plea of fraud held insufficient to show that the representations were authorized by vendor.**

In a suit by vendor to recover title on the vendee's default, allegations by vendee that he negotiated for the purchase of the land with one L., who made fraudulent representations, and that the vendee paid to the L. Land Company the cash payment which was received by

---

said L. as part compliance with the contract, and that the plaintiff was the successor of the L. Land Company, was insufficient, not showing agency of L. or that the alleged representations were authorized by the plaintiff or its predecessor.

**12. Fraud ⟨key⟩12—Vendor's promise may constitute fraud.**

Representations and promises of vendor relating to matters to occur in the future, such as a definite promise to do certain things to enhance the value of the property, if made with design to deceive without intention of performance and to induce the purchase and in fact inducing it, coupled with failure to perform, constitutes fraud.

**13. Vendor and purchaser ⟨key⟩97 — Vendor guilty of fraud is not entitled to rescind and recover possession until it does equity.**

If a vendor fraudulently misled vendee into the making of a contract and thereby inducted him into possession, it cannot rescind and deprive him of possession on default until it has done equity by him.

**14. Election of remedies ⟨key⟩3(3)—Rescission and recovery of damages for wrongful sequestration held inconsistent.**

A vendee cannot rescind the contract and at the same time recover damages for a wrongful sequestration of the premises by the vendor, since disaffirmance waives right of possession.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Action by the American Land Company against V. Gustafson. Judgment for plaintiff, and defendant appeals. Affirmed.

Spears & Montgomery, of San Benito, and Jno. C. Myrick, of Harlingen, for appellant.

Canales & Davenport, of Brownsville, for appellee.

SMITH, J. The American Land Company brought this suit in the form of an action in trespass to try title to recover of V. Gustafson the title and possession of 115.6 acres of land in Cameron county. The land company had previously sold the land to Gustafson, in consideration of a cash payment of $5,400 and $16,200 in deferred payments, to secure which the vendor's lien was reserved in the deed of conveyance. Upon Gustafson's default in the payment of the first two notes the land company elected to sue for recovery of title rather than to foreclose.

In an amended answer and cross-action, appellant, as defendant below, set up certain statements, representations, and promises alleged to have been falsely and fraudulently made to him by appellee's agent, by which he was deceived into undertaking the purchase of the land in dispute, and on account of which he sought a rescission of the contract of sale, cancellation of the unpaid purchase-money notes, the recovery of the amount of purchase money paid, the value of the improvements he had placed on the premises, damages for the loss of the 1917 crop, and actual and exemplary damages for the seizure of the property in an alleged wrongful sequestration proceeding. On account of the alleged fraud and deceit of the vendor, and under the guise of the defense of failure of consideration, appellant in the same pleading also sought to recover damages in the sum of the alleged difference between the contract price of the land and its actual value at the time of the sale, as well as actual and exemplary damages for the alleged wrongful seizure.

Every allegation in this special answer and cross-action was stricken out upon exception, leaving only the general demurrer and plea of not guilty as appellant's pleading. These exceptions were sustained chiefly upon the contentions that the cross-actions set up were improperly joined to an action in trespass to try title, and could not be properly set up as a defense in such suit; that appellant had waived his right to rescind; that the cross-actions were barred by the two-year statute of limitation; and that the false representations set up related to matters to occur in the future, were merely promissory, and accordingly unavailable, and were not shown to have been made by any agent of appellee. Gustafson declined to amend, and the cause proceeded to trial alone upon the petition in trespass to try title and the plea of not guilty. There was judgment for the land company against Gustafson for title and possession of the land, and the latter brings this appeal.

[1-3] For the purpose of testing the sufficiency of demurrers and exceptions, every allegation at which they are directed must be taken as true, although construed most strongly against the pleader; and so, if any one or more of the allegations in appellant's cross-action admitted to be true were available as defenses, or stated a cause of action, then the sweeping order of the court below striking out the entire pleading was error. We will not undertake to set out these allegations in detail, which cover 18 pages in the record, but will refer to them when necessary in disposing of the case.

[4, 5] The vendor in an executory contract for the sale of land, in which the vendor's lien is reserved to secure the purchase price, has the option, if the vendee defaults in payment, of rescinding the contract and recovering title, or of enforcing specific performance and recovering the unpaid purchase price with foreclosure of his lien; either remedy being pleaded as the alternative of the other. He must finally, however, elect between the remedies, standing upon one and abandoning the other. Or he may, as was done here, bring his suit in the form of an action in trespass to try title. But, no mat-

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ter which form of remedy the vendor adopts, whether he elects to rescind and assert his superior title, or seeks to enforce specific performance and a money judgment with foreclosure, or brings a simple action in trespass to try title, the vendee may in such suit set up all the rights, remedies, and defenses available to him in either or all of the actions. Accordingly it was proper in this case for appellant to set up the alleged fraud of the vendor in procuring him to execute the contract, and to recover damages sustained by him as a natural and proximate result of the fraud. Moore v. Giesecke, 76 Tex. 543, 13 S. W. 290; Kallison v. Poland, 167 S. W. 1104; Binder v. Millikin, 201 S. W. 239; Wright v. Chandler, 173 S. W. 1173; Hubbs v. Marshall, 175 S. W. 716.

[6] The purchaser has two remedies in case of the fraud of the vendor—one the remedy of rescission and recovery of the purchase money paid, and the value of the improvements he has placed upon the premises in so far as such improvements have enhanced the value of the property; the other, specific performance and the recovery of damages, with which he may set off the unpaid purchase money. These two remedies, however, are inconsistent with one another. One is based upon the continued existence of the sale; the other upon its abrogation; and the purchaser cannot in one form of action obtain the relief appropriate to the other. But he may in one suit plead both remedies, one as the alternative of the other, as was sought to be done here. And he may so plead them, as was also sought to be done here, as the defendant in a suit brought by the vendor to rescind or enforce the executory contract of conveyance. If he seeks a rescission of the contract because of the fraud of the vendor, he must, as appellant did here, tender a reconveyance of the property to the vendor. If he seeks to retain the property, he must tender the unpaid balance of the contract price, although, as has been seen, he may under appropriate pleadings set off or abate the contract price with the damages he may recover.

[7, 8] Where, as in this case, the vendee reconvenes for damages occasioned by the fraud of the vendor, his cause of action is subject to the bar of the two-year statute of limitations. And in such case limitation is tolled from the time the vendee discovers the fraud or should have discovered it in the exercise of ordinary diligence. Binder v. Milliken, supra; Gordon v. Rhodes, 102 Tex. 300, 116 S. W. 40. Of course, if the pleading setting forth the cause of action discloses the presence of the bar, the question may be settled by appropriate exception; otherwise it becomes one of fact to be determined by the court or jury from the evidence. In this case the question was raised in special exceptions leveled at the second amended answer and cross-action of defendant (appellant), Gustafson, which was not filed until November 29, 1920, the original suit having been instituted by plaintiff (appellee) on August 29, 1919.

[9] Appellee contends in its brief that "the cross-action which raises these matters of record for the first time was filed November 29, 1920," but the record here does not affirmatively show this, since the original and intermediate pleadings of appellant do not appear in the transcript. As a general rule the presumption obtains, in the absence of a showing in the record to the contrary, that the cause of action alleged in an amended pleading is the same as that set up in the superseded pleading, so that, in the absence from the transcript of appellant's superseded pleadings, it will be presumed that the cross-actions embraced in the amended pleading were included in those it superseded. Rucker v. Dailey, 66 Tex. 284, 1 S. W. 316; Dwight v. Matthews, 94 Tex. 530, 62 S. W. 1052.

According to appellant's allegations, he did not know of the frauds alleged to have been practiced upon him until within two years of the filing of this suit by appellee, but the record does not show the date appellant filed its original or intermediate answers, and therefore the presumption discussed is of no use here to appellant. If in his amended answer he had complied with the rules (district court rules 13, 14, and 84 [142 S. W. xviii, xxiii]), and shown in his amended pleading the date of the filing of the pleading thereby superseded, and such date had been within two years of the dates he alleged he discovered the frauds, then the presumption would have been available to him, and we would have been obliged to sustain his assignments complaining of the action of the trial court in striking out his cross-actions on account of limitation. But, as the record does not disclose the dates of filing of appellant's superseded pleadings, we cannot determine the sufficiency of appellee's exceptions, and accordingly upon the face of the record here we cannot say the court below erred in sustaining those exceptions. All those pleadings were before the trial court, and we must assume that that court examined them, and that such examination disclosed that appellant's cross-actions were barred by limitation and subject to appellee's exceptions, which properly raised the question. Moody v. Moeller, 72 Tex. 635, 10 S. W. 727, 13 Am. St. Rep. 839; Hamilton v. Eiland, 181 S. W. 260; Railway v. Speights, 94 Tex. 350, 60 S. W. 659.

[10] In order to avail himself of the right to rescind a contract because of the fraud of the vendor, the vendee must act promptly upon the discovery of the fraud and disaffirm. He will not be permitted to speculate upon the outcome of his venture, or to accept the

benefits and exercise the privileges given him by the contract, and at the same time retain the right to rescind. In his pleadings appellant makes no pretense of disaffirming the contract at the time he discovered the fraud he complains of, or at any time thereafter. On the contrary, his pleadings show that the discovery was not permitted to influence his course one way or another, and that he continued in possession of the land, exercising all the control, rights, and prerogatives of ownership up to the time he was evicted nearly two years later under a writ of sequestration. By this course he was precluded from any right he ever had to a rescission of the contract. Hallwood v. Berry, 35 Tex. Civ. App. 554, 80 S. W. 857. It is true that by waiving his right to rescind he did not thereby waive his right to damages occasioned by the alleged fraud. This right to damages accrued to him the moment he discovered the fraud; it survived the loss of the right to rescind, and was available to him until barred by limitation, which by his laches he permitted to ripen. Wright v. Chandler, supra. But even after the loss of the right to rescind, and of his cause of action for damages, he was not without a remedy, since he could have certainly and effectively defeated appellee's suit by offering to pay the unpaid purchase-price notes, and, under appropriate pleadings, could have abated the amount of these notes to the extent of the damages he had sustained by reason of the fraud alleged, and this defense could have been interposed at any time, without reference to limitation. Mason v. Peterson, 232 S. W. 567. He did not, however, avail himself of this alternative, and, in our opinion, was precluded from any recovery.

[11] Appellant alleged in the excluded pleadings that prior to January 7, 1917, "one Thos. F. Lee entered into correspondence and negotiations with defendant relative to the purchase" of 125 acres of land, embracing the land in controversy, which "said Lee pointed out to" appellant "on the ground," and that "said negotiations resulted in the purchase by defendant through said Lee of the land * * * and the execution of a certain contract for deed, dated January 7, 1917, executed by said Thos. F. Lee and defendant"; that by the terms of this contract appellant promised to pay for the land $5,400 cash on or before March 5, 1917, and to execute certain notes upon execution and delivery of the deed described in the contract, and that "by the terms of said contract said Thos. F. Lee agreed and promised to convey said" land to appellant; that on about May 5, 1917, appellant paid to the Lee Land Company the cash payment of $5,400, "which was received by said Lee as part compliance with said contract." Subsequently, appellant alleged, it was discovered that the land pointed out by Lee was misdescribed in the contract, and embraced only 115 acres, and that thereupon

"said Lee agreed to make such shortage good by conveying" certain other land "which * * * would make up the quantity of land which by the terms of the contract * * * Lee had agreed to sell and convey to defendant, as aforesaid, and defendant agreed to accept this adjustment." Subsequently, it was further alleged, the Lee Land Company delivered to appellant two deeds, dated May 15, 1917, by which the lands were conveyed to appellant, who executed and delivered the notes provided for in the deeds, and payable to the Lee Land Company; that subsequent to these transactions appellee, the American Land Company, absorbed the Lee Land Company, and succeeded to all its properties, rights, and liabilities, and now stands in its shoes. Appellant alleged that the fraudulent representations made by Lee were made during the negotiations leading up to the execution of the contract of sale of January 7. But, in setting out the negotiations and transactions culminating in the delivery of the final papers, appellant does not undertake to connect Thos. F. Lee with appellee, the American Land Company, or with its predecessor, the Lee Land Company. There was no suggestion that he was an authorized agent of or acting for either company, or that he was acting otherwise than in his own individual capacity. In fact, the language of the allegations of the details of the negotiations peculiarly negative any theory that Lee was acting in a representative capacity. The allegations show that the negotiations and correspondence resulting in the contract were carried on by Lee in his individual capacity, and that he executed the contract as an individual, and not as agent of another. It is true that later on in his pleadings appellant alleged that throughout the entire transaction Lee was "sales agent and representative" of appellee and the Lee Land Company, but this allegation is neutralized by the subsequent allegation that appellant does not know whether the Lee Land Company was incorporated at the time Lee executed the contract of sale, or the character and extent of his agency and authority for the Lee Land Company and appellee. There is no allegation that Lee made the alleged fraudulent representations and promises as an agent of any person or corporation, or otherwise than upon his individual responsibility. There is no allegation that appellant understood at the time of the alleged fraud of Lee, or of the execution of the contract with Lee, that the latter was acting for the Lee Land Company or for appellee, or otherwise than for himself, or that appellant expected or was led to believe, or had any reason to believe, that the Lee Land Company or appellee would carry out, or was under any obligation to carry out, the alleged fraudulent promises made by Lee. In this state of appellant's pleadings we do not think there are sufficient allegations to charge the land

companies with any responsibility for Lee's statements or liability for his promises, and for this reason the trial court in our opinion correctly sustained appellee's exceptions to appellant's cross-action. Especially is this true in view of the rule that in testing the sufficiency of demurrers the pleadings attacked must be construed most strongly against the pleader.

[12] Another ground upon which appellant's defensive and affirmative pleadings were stricken out was that the alleged fraudulent representations of the vendor related to matters and things to occur in the future, were merely promissory, and were therefore insufficient for the purposes of defeating rescission or recovery of damages. Some of the alleged misrepresentations, however, related to existing facts, and, as these allegations were stricken out along with all the balance of appellant's special answer and cross-action, the error of the court below becomes obvious, although immaterial in view of Lee's nonagency. Moreover, it now seems to be settled in this state that representations and promises of the vendor relating to matters to occur in the future, such as a definite promise to do certain things which if done would greatly enhance the value of the property to be conveyed, are actionable, and if the promises are made by the vendor with the design of cheating and deceiving the purchaser, and the vendor had no intention at the time he made them of performing the promises, but used them merely as false pretenses to induce the purchaser to enter into the contract, and the purchaser is thereby misled into making the contract, then such conduct, coupled with the subsequent total failure to perform the promises or assurances, constitute such fraud as will entitle the purchaser to rescind or to recover damages. Greenwood v. Pierce, 58 Tex. 130; Henderson v. Railway Co., 17 Tex. 560, 67 Am. Dec. 675; Mayer v. Swift, 73 Tex. 369, 11 S. W. 378; Wright v. Chandler, 173 S. W. 1173; O'Brien v. Camp, 46 Tex. Civ. App. 12, 101 S. W. 557; Scoggin v. Mason, 46 Tex. Civ. App. 480, 103 S. W. 831; Carter v. Ware, 46 Tex. Civ. App. 7, 101 S. W. 524.

[13] Among the cross-actions set up by appellant was one for damages based upon an alleged wrongful seizure of the property in dispute in a sequestration proceeding instituted by the appellee, but the pleading was stricken out upon the contention, among others, that upon the default of the vendee the vendor had the right of possession by reason of his superior title. Without undertaking to discuss in detail the relative rights of the parties in the abstract, we will say this: If appellee fraudulently misled appellant into making the contract and thereby inducted him into possession of the premises, it had no right to drive him from this possession until it had purged itself of the fraud and done equity by him. If appellee was not entitled to rescission, he was not entitled to take possession by force; if he was entitled to rescission, then we see no reason why he should not take possession at any time after the right to rescind accrued. Moore v. Giesecke, 76 Tex. 543, 13 S. W. 290; Moore v. Brown, 46 Tex. Civ. App. 523, 103 S. W. 242. If the sequestration in this case had been wrongfully sued out, appellant, under appropriate pleadings, would have been entitled to credit his damages on the balance of the purchase money due for the rents of the premises while the vendor was in possession. Moore v. Brown, supra. It is conceivable, too, that exemplary damages would be recoverable by the vendee, but appellant has not in this case appropriately pleaded any facts entitling him to such damages.

[14] In the first count of his answer appellant sought to rescind the contract of conveyance, and at the same time recover damages for wrongful sequestration of the premises in question. But he would not be permitted to do this. By disaffirming the sale he waived his right of possession, of course, and therefore cannot complain of the act of appellee in himself taking possession. He cannot yield the right of possession, as he did, and at the same time recover damages for the loss of that possession.

We think the trial court properly sustained the exceptions to the special answer and cross-actions of appellant, and that under the testimony upon the trial no other judgment could have been rendered than the one appealed from.

All assignments of error are overruled, and the judgment is affirmed.