## TYLER *v.* WALKER.

### (*Knoxville.* October 5, 1898.)

1. ATTORNEYS' FEES. *Provision in note for.*

   A provision in a note for the payment of attorneys' fees and cost of collecting is valid, where suit is necessary and brought in good faith, if the stipulation is not a device to cover up and collect usury, but such fee is not collectible when such suit is needlessly brought, or when it is brought to enforce an unjust demand, or to coerce more than is actually and justly due. (*Post, pp. 308, 309.*)

   Cases cited: Parham *v.* Pulliam, 5 Cold., 497; Clark *v.* Jones, 93 Tenn., 643; 6 Am. Rep., 663; 38 Am. St. Rep., 100; 141 U. S., 406; 40 Mich., 517; 81 Ala., 489.

2. SAME. *Same.*

   Plaintiff in an action to foreclose a deed of trust, to secure a note stipulating for an attorney's fee in case of suit, is not entitled to recover such fee, where he refuses to credit the defendant upon the principal with usurious payments, under the erroneous impression that the claim to have them so credited is barred by the statute of limitations. (*Post, pp. 309, 310.*)

3. COSTS. *Paid by plaintiff suing on usurious note.*

   Plaintiff in an action to enforce a deed of trust securing a note, is properly charged with costs, where his unfounded claim to retain all usurious payments made more than six years before the commencement of the suit without applying them to the principal, was the cause of the litigation. (*Post, p. 309.*)

   Code construed: § 4947 (S.); § 3930 (M. & V.); § 3205 (T. & S.).

   Case cited: State *v.* Lewis, 10 Lea, 168.

---

FROM HAMILTON.

---

Appeal from Chancery Court of Hamilton County. T. M. McCONNELL, Ch.

Tyler *v.* Walker.

J. H. McLean for Tyler.

Pritchard & Sizer for Walker.

Wilkes, J. The original bill in this case was filed to enjoin a foreclosure of a deed of trust. It alleged that the complainant had tendered the amount due under the deed of trust, but that defendant had collected usury, and was demanding more, and seeking to collect a larger sum than was justly owing. Defendant answered, and denied that tender had been made, and said that he was aware he could only collect the proper amount owing, without usury. He filed a cross bill, and asked that the deed of trust be foreclosed for such amount, and an attorney fee, as stipulated in the · deed of trust, and also for another attorney fee which had been incurred in some negotiations for an extension of time. On demurrer to the cross bill, it was dismissed as to this latter fee of twenty-five dollars. On final hearing, the Court found the amount due, and held that while a tender had not been made, still defendant was attempting to foreclose his deed of trust for more than was legally due; that the bill was therefore properly filed to enjoin the sale; and that defendant, under the facts, was not entitled to recover any attorney fees, but must pay all the costs except that of the sale. There was a decree of sale, and the property was sold, and bought by defendant, but, before the confirmation, complainants paid off the judgment and interest, and such costs as were

adjudged against them, whereupon the sale was set aside. From so much of the decree as adjudged costs against him, and denied him attorney fees, defendant appealed, and also appealed from the decree on the demurrer refusing the twenty-five dollars attorney fee. The Court of Chancery Appeals affirmed the decree of the Chancellor, and complainant has appealed to this Court, and assigned errors.

The only errors assigned in this Court are that the defendant was improperly required to pay all the costs except those incident to a sale of the property, and was denied an attorney's fee for collection of the note by suit. The provision in the note as to fees is this: "We further agree that if suit is brought on this note, we· will pay all attorneys' fees and costs of collecting." The note was signed by Tyler and wife, but it is doubtful, from its language, whether the mortgage recognizes this provision as to attorneys' fees as a valid charge on the property for which a sale may be had. It does not do so in express terms, but perhaps by implication does, and we so treat it.

It is not denied that this provision is a valid and legal one in cases where suit is necessary and brought in good faith, and· the stipulation is not a device to cover up and collect usury. This is well settled. *Parham* v. *Pulliam*, 5 Cold., 497; *Weatherly* v. *Smith*, 6 Am. Rep., 663; *Clark* v. *Jones*, 9 Pickle, 643. But such fee is not collectible when suit is needlessly brought, or when it is brought to enforce an unjust de-

mand or to coerce more than is actually and justly due. *Clark* v. *Jones*, 9 Pickle, 643; *Boyd* v. *Jones*, 38 Am. St. Reps., 100. The authorities construe strictly in favor of the debtor all similar provisions as to attorneys' fees. *Fowler* v. *Trust Co.*, 141 U. S., 406; *Meyer* v. *Hart*, 40 Mich., 517; *Bynum* v. *Frederick*, 81 Ala., 489; 26 Am. & Eng. Enc. L., 965.

It clearly appears from the holding of the Chancellor and the findings of the Court of Chancery Appeals, that the defendant was attempting to foreclose his trust deed for an amount which embraced usury, and was greater than was legally owing, and that while defendant, in his cross bill, disclaimed any right of recovery for any amount beyond legal interest, still, in it he was not willing to give credit for such payments of usury as he incorrectly thought were barred by the statute of limitations. The cross bill was, moreovor, unnecessary, as the trust deed could have been enforced out of Court for the amount legally due. As to the costs, we are of opinion this question is settled by the statute (Shannon, § 4947), which is as follows: "If it be made to appear in the action that usurious interest has been intentionally taken or reserved, the person taking or reserving such usury shall pay full cost."

It is clear, from the findings of the Court of Chancery Appeals, that the defendant did collect and reserve usurious interest, and that he sought to retain all the usury paid more than six years before

the litigation began, and the whole litigation in this case arose out of the usury claimed. We cannot see that the Chancellor or the Court of Chancery Appeals was in error in thus holding as to costs, and even if it be held a matter of discretion, this Court could not reverse unless there was a clear abuse of such discretion. *State* v. *Lewis*, 10 Lea, 168.

We see no reversible error in the decree of the Court of Chancery Appeals, and it is affirmed with costs.