Arlene B. SINGER and Joel D. Joseph, Appellants,

v.

SHANNON & LUCHS COMPANY, et al., Appellees.

No. 84–5360.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 15, 1985.

Decided Dec. 10, 1985.

Edward Lee Rogers, New York City, with whom Joel D. Joseph, Washington, D.C., was on brief, for appellants.

Joyce L. Bartoo, with whom Richard W. Luchs and James P. Mercurio, Washington, D.C., were on brief, for appellees.

Before WRIGHT and EDWARDS, Circuit Judges, and DAVIS,* Circuit Judge, United States Court of Appeals for the Federal Circuit.

Opinion PER CURIAM.

PER CURIAM:

The appellants, Arlene B. Singer and Joel D. Joseph, appeal from the District Court's award of $72,255.50 in attorney's fees and $5,860.10 in expenses to the appellees, Shannon & Luchs Company. Singer and Joseph argue that an award of fees is not appropriate and, in the alternative, that the amount awarded was excessive. We vacate and remand for a reconsideration and more complete explanation of the amount of the award.

Shannon & Luchs' application for attorneys' fees grew out of disputes over a loan made by the National Savings and Trust Company to Singer and Joseph. The loan was secured by Singer's and Joseph's property on Foxhall Road and guaranteed by

---

* Sitting by designation pursuant to Title 28 U.S.C. § 291(a).

Shannon & Luchs, with whom Singer and Joseph had signed an exclusive listing agreement to sell the Foxhall Road property. The appellants refused to pay the note when it came due and the bank obtained payment from Shannon & Luchs as guarantors. Shannon & Luchs then instituted foreclosure procedures on the Foxhall Road property.

In January, 1982, Singer and Joseph brought a diversity suit in the United States District Court, requesting an injunction to prevent the foreclosure sale and presenting a variety of legal challenges to the provisions of the note and deed of trust. Shannon & Luchs counterclaimed for the $90,000 plus interest due on the promissory note. Joseph also sued in Superior Court for the District of Columbia, in violation of a District Court order that prohibited the plaintiffs from seeking to restrain foreclosure during the pendency of the suit in District Court. In September, 1982, the District Court entered a final judgment for Shannon & Luchs for the amount owed on the note plus costs, including $15,000 in attorneys' fees. On appeal, this court affirmed the judgment on the note, but reversed and remanded on the issue of attorneys' fees because the award was unsupported by appropriate documentation. In February, 1984, all of Singer's and Joseph's remaining claims were settled and were dismissed with prejudice.

On remand, Shannon & Luchs submitted affidavits and computer sheets showing each service performed, the date, the attorney and the time involved. The company claimed fees for all work related to the promissory note and the foreclosure, including the issues that were settled, the litigation in Superior Court, all issues that were appealed, and the foreclosure itself. The District Court held that Shannon & Luchs is entitled to an award of attorneys'

fees and awarded the entire amount requested. The appellants filed a timely notice of appeal.

Under the American rule, parties normally bear their own costs and fees. This general rule is subject to only a few exceptions. For example, a court may grant a fee award when specially authorized by contract or statute or when the losing party acted in bad faith. *See, e.g., Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). When the trial court exercises its discretion to award or to deny attorneys' fees, our role on review is to determine if discretion was abused. *See Schneider v. Dumbarton Developers, Inc.*, 767 F.2d 1007, 1017 (D.C.Cir.1985); *Trilon Plaza Co. v. Allstate Leasing Corp.*, 399 A.2d 34, 38 (D.C.App.1979).

■■■ We agree with the District Court that some award of fees based on the language in the deed of trust and the promissory note signed by Singer and Joseph is appropriate.[1] The District Court, however, erred in its calculation of the fee award by failing to describe adequately its consideration of the *amount* of the award. Both the hourly rate and the number of hours claimed must be scrutinized and a reviewing court must be provided with enough detail to enable it to evaluate whether the District Court acted within its discretion.

■■■ Although the documentation supporting the District Court's award is extensive, the court's memorandum opinion is barren of any consideration of whether the amount requested was reasonable. For example, we note in passing appellants' claim that the amounts awarded by the District Court include fees attributable to expenses incurred by several attorneys who attended hearings at which only a single attorney's presence was necessary. *See* Brief for Ap-

---

1. The deed of trust provides in part:
   The Grantor, for himself and his successors and assigns, covenants and agrees as a part of this trust, as follows:
   1. That he will pay the indebtedness evidenced by the note secured hereby, . . . and all other sums which are required to be paid by him under the terms of said promissory note or this Deed of Trust, including costs, expenses and attorney's fees incurred by the Trustees or the holders of said note with respect to this trust, the said note or the land and premises herein described. . . .
   Record Excerpts ("R.E.") at 20.

pellants at 19. Such an award, absent some explanation, would appear to be excessive. *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C.Cir.1980) (en banc); *see also National Ass'n of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1327 (D.C.Cir.1982) (fees not recoverable for non-productive time). On remand, the District Court should consider the reasonableness of the attorneys' fees incurred by the appellees in light of the analysis outlined in *Concerned Veterans, supra*.

The District Court should likewise justify awarding fees for work on issues that the appellants argue are ineligible for compensation. For instance, the appellants challenge the portion of the District Court's award of attorneys' fees attributable to the appellees' unavailing defense in this court of the initial, undocumented award of attorneys' fees. It is wholly unclear upon what basis the District Court awarded this portion of the attorneys' fees.

Shannon & Luchs argue that they should receive an award of fees because of appellants' bad faith, *i.e.*, even with respect to claims for which appellees were not the prevailing party. The District Court did note in its Memorandum Order that although the amount awarded "may appear to be disproportionate to the amount in controversy, [it has] been caused by plaintiffs' own obstructive behavior in pursuing every device to prevent the foreclosure from taking place." *Singer, et al. v. Shannon & Luchs Co.*, Civil Action No. 82–0151, memorandum order at 2 (D.D.C. Jan. 10, 1984), *reprinted in* R.E. 166. This brief statement, however, was offered by the District Court as a justification of the *amount* of the fees award, rather than as a justification for the award itself. In short, it is unclear whether the District Court used a bad faith rationale to justify an award of fees for claims on which appellees were not the prevailing party. If the District Court did rely on such reasoning, we would find the result to be highly questionable.

Alternatively, the District Court might have based this portion of its award upon the terms of the deed of trust itself. The attorneys' fees provision in the deed of trust arguably could be interpreted to allow Shannon & Luchs to recover attorneys' fees for *any* work "with respect" to the trust or note, even if it does not prevail on the issue. The District of Columbia Court of Appeals, however, has recently noted that "[w]here the merit or necessity of the creditor's claim or defense is successfully challenged, courts may decline to enforce attorney's fee provisions." *Wisconsin Ave. Assocs., Inc. v. 2720 Wisconsin Ave. Coop. Ass'n, Inc.*, 441 A.2d 956, 965 (D.C. 1982) (quoting *Manchester Gardens, Inc. v. Great West Life Assurance Co.*, 205 F.2d 872, 878 (D.C.Cir.1953)), *cert. denied*, 459 U.S. 827, 103 S.Ct. 62, 74 L.Ed.2d 64 (1982). *Cf. First Atlantic Bldg. Corp. v. Neubauer Constr. Co.*, 352 So.2d 103, 106 (Fla.Dist.Ct.App.1977); *D.A. Tompkins Co. v. Monticello Cotton Oil Co.*, 137 Fed. 625, 631 (C.C.S.D.Ga.1905); *Tyler v. Walker*, 47 S.W. 424, 424, 101 Tenn. 306, 308–09 (1898). Thus, it is clear that even when a party is entitled to attorneys' fees under the terms of a contract, it may nonetheless be denied an award if it is unsuccessful on the merits of its claim. On remand, the District Court should explicitly reconsider the award of attorneys' fees for the unsuccessful aspects of the first appeal.

The appellants also challenge the District Court's award of attorneys' fees to the appellees for work on the issues settled by the parties. The District Court failed to justify this aspect of the award. It is wholly unclear whether the court determined that Shannon & Luchs was the prevailing party in the settlement and awarded these fees under the contract, or believed that the contract required fees regardless of which party prevailed. Alternatively, the court may have awarded the fees under a bad faith theory. On remand, the District Court should reconsider and clarify its award of attorneys' fees for issues settled out of court.

Finally, it is not clear what effect the District Court's consolidation of the issues of entitlement to fees and amount of fees

had on the appellants' opportunity for discovery. If Singer and Joseph did not request discovery, it was waived. If they did request discovery, the District Court should explain why the request was denied. In any event, if discovery is granted, it should be limited to the amount necessary to probe the accuracy of the fee request. *See Concerned Veterans,* 675 F.2d at 1329.

For the above reasons, we vacate and remand for reconsideration of the award of attorneys' fees.

*So Ordered.*