Nellie M. PERKINSON, Plaintiff,

v.

HOULIHAN'S/D.C., INC., Defendant.

Civ. A. No. 84–2038.

United States District Court,
District of Columbia.

March 3, 1986.

Order Directing Entry of Judgment
March 21, 1986.

Thomas W. Kirby, Wiley & Rein, Washington, D.C., for plaintiff.

James C. Gregg, D'Ana E. Johnson, Stephen G. Huggard, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

OBERDORFER, District Judge.

A memorandum filed December 9, 1985, 108 F.R.D. 667, affirmed a determination by United States Magistrate Jean Dwyer that serious discovery abuse committed by defendant and its counsel in this case was sanctionable. The December 9 Memorandum detailed the numerous violations of Federal Rules of Civil Procedure 11, 26 and 37. *See id.* at 14–23. The Magistrate recommended the entry of a default judgment as a sanction for those violations. The default judgment recommended by Magistrate Dwyer is not appropriate in the circumstances. *See id.* at 24 *et seq.* However, in lieu of default, defendant and its counsel must pay plaintiff's costs, including reasonable attorney fees. Such sanctions are imposed under authority of the Federal Rules and the Court's inherent power to assess attorney's fees against litigants who have seriously abused the judicial process. *See* Fed.Rules Civ.P. 11, 26 and 37; *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764–67, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1979); December 9, 1985 Memorandum at 22–23.

Plaintiff has now submitted a statement for its fees and costs. Plaintiff has conveniently subdivided the litigation into eight phases, and has calculated the time and charges attributable to each phase. It is apparent that the time expended by plaintiff's counsel in some phases is more directly related to defendant's discovery abuse than others. The phases and the time charge attributed to each by plaintiff are as follows:

| | | |
|---|---|---|
| 1. | Discovery prior to first trial, including depositions, document requests and interrogatories. | $2,478.00 |
| 2. | Motions practice and hearings prior to first trial, including motions to compel and for sanctions, for protective order, oppositions to sanctions and summary judgment motions. | $5,768.00 |
| 3. | First pretrial and trial. | $12,458.00 |
| 4. | Motions practice and hearings between first and second trials, including motions for new trial, motions for sanctions, motions to compel, status hearings and teleconference with Magistrate. | $8,736.00 |
| 5. | Follow-up discovery relating to materials wrongfully withheld, including examination of documents, reconvened dispositions of Mignogna and Hoffman. | $4,600.00 |
| 6. | Second pretrial and trial. | $11,387.00 |
| 7. | Motions practice following second trial, including motions for default, new trial or other relief, response to objections to Magistrate's recommendation, and supplemental memoranda. | $7,488.00 |
| 8. | Case Management. | $ 508.00 |
| | | $53,423.00 |

In addition, plaintiff calculated costs, undifferentiated by these categories, as totalling $4,316, and added $768 to phase 7 (based on time spent replying to defendant's opposition to Plaintiff's fee claim), making the total "lodestar" $58,507. In calculating his fee, plaintiff's principal counsel used a rate of $128 per hour for his time spent before November 1, 1985, when the rate of $128 per hour became effective. His prior rates were $124 per hour for the period ending November 1, 1985, and $115 for the year before that. Finally, plaintiff claims a 50 percent multiplier for a portion of the claimed fees, on account of the contingent nature of her counsel's fee expecta-

tion. If allowed, plaintiff's recovery of fees and costs would total $71,202.

These tabulations reflect a need for further adjustment. For example, it is not appropriate to compensate plaintiff's counsel at a rate higher than his normal, contemporaneous billing rate ($124 and $115 per hour). Nor is there justification under the circumstances of this case, in which plaintiff did *not* prevail, for an "enhancement multiplier" of fees and costs awarded to plaintiff as a sanction for defendant's and defense counsel's violations of Federal Rules and court orders.

With regard to the considerable size of the remaining "lodestar" award, plaintiff correctly notes that since relevant Federal Rules and cases would have permitted entry of default judgment against defendant *plus* an award of fees, a lesser sanction charging to defendant all fees and costs must be authorized, as the greater power should include the lesser. *Compare Frend v. United States*, 100 F.2d 691, 694 (D.C. Cir.1938), *cert. denied*, 306 U.S. 640, 59 S.Ct. 306, 83 L.Ed. 1040 (1939); *see also Universal Oil Co. v. Root Rfg. Co.*, 328 U.S. 575, 580, 66 S.Ct. 1176, 1179, 90 L.Ed. 1447 (1946); *Southerland v. County of Oakland*, 77 F.R.D. 727, 734 (E.D.Mich. 1978), *aff'd* 628 F.2d 978 (6th Cir.1980) (per curiam). There is no showing, however, that a default would have resulted in a damage award in excess of the amount claimed here for fees, costs and a multiplier. Moreover, even if a default plus fees had been appropriate, it would remain necessary to differentiate claimed fees into those reasonably attributable to the discovery abuse and thus recoverable, and those which would have been incurred in any event.

The latter principle is reflected in the Court of Appeals' recent decision in *Singer v. Shannon & Luchs Co.*, 779 F.2d 69 (D.C.Cir.1985), which decision was announced after the issuance of the December 9, 1985 Memorandum in this case. The Court of Appeals in *Singer* cautions that in calculating fee awards a court must justify an award of fees for "work on issues that [may be] ineligible for compensation" and should not assess fees solely because of a party's "bad faith." *Id.* at 71. Responding to that admonition, this Memorandum and Order will award only fees and costs reflecting legal work reasonably attributable to defendant's violation of obligations imposed by the Federal Rules of Civil Procedures, and the orders of this Court and of the Magistrate.

Preparation for and conduct of the first trial (phases 1 and 3) are not fairly attributable to discovery abuse. Accordingly, the time required for discovery prior to the first trial (Phase 1) totalling $2,478, and the first pretrial and trial (Phase 3) totalling $12,458, plus the costs which may be reasonably attributable to those phases, must be disallowed. However, the discovery enforcement effort preliminary to that trial (phase 2) was fairly attributable to defendant's misrepresentations, recalcitrance and rule violations.

The second trial was largely necessitated by defendant's and defense counsel's misconduct before and during the first trial. The second trial required plaintiff to assume additional expense which could have been avoided if defendant's discovery abuse in connection with the first trial had not spoiled the credibility of the defendant's verdict reached there. Thus, even if defendant's and defense counsel's abuses had not persisted after the first trial, award of all fees and costs for preparation and conduct of the second trial would have been justified by what happened in connection with the first trial. The fact that those abuses and evasions continued both before and during the second trial further justifies award of all the fees and costs incurred in connection with it. *See* December 9 Memorandum at 14–23. Such an award will serve the dual goals of (1) compensating plaintiff for extra expenditures necessitated by the conduct of defendant and defense counsel and (2) deterring future misconduct by these and other litigants. *See Weisberg v. Webster*, 749 F.2d 864, 872 (D.C.Cir.1984); December 9 Memorandum at 22–24.

Defense counsel in opposing plaintiff's verified claim for fees and costs raised only several specific objections. Plaintiff's Reply to Defendant's Response to Verified Claim for Fees and Costs more than adequately traverses those few objections raised by defense counsel that are not specifically addressed herein.

In view of the foregoing, plaintiff should, on or before March 14, 1986, file a proposed order which would require entry of judgment in favor of plaintiff in an amount which reflects the foregoing adjustments, i.e. disallowance of phase 1 and phase 3 claims and the "enhancement multiplier," and adjustment of principal counsel's claimed rate to the level ($124 and $115 per hour) contemporaneously applicable when services were rendered. The proposed order should be accompanied by a table of other explanation of the recalculated amount and should be endorsed as having been seen by defendant before it is filed.

IT IS SO ORDERED.